1  SARA A. MOORE (SBN 294255)
   AYUSHI NEOGI (SBN 341894)
2  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone:    (415) 986-5900
4  Facsimile:    (415) 986-8054
   smoore@grsm.com
5  aneogi@grsm.com

6  Attorneys for Defendants
   CARLISLE CONSTRUCTION
7  MATERIALS, LLC and CARLISLE
   COMPANIES INCORPORATED

8

9                UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11

12  ROBERT MCCOMMON, on behalf of      )   Case No.
    himself and others similarly situated,   )
13                                       )   **NOTICE OF REMOVAL OF ACTION**
                   Plaintiff,            )   **BY DEFENDANTS UNDER 28 U.S.C. §**
14                                       )   **1441(b)**
           vs.                           )
15                                       )   **(DIVERSITY)**
    CARLISLE CONSTRUCTION             )
16  MATERIALS, LLC, a Delaware limited   )
    liability company; CARLISLE          )   [Complaint filed March 10, 2022 in Solano
17  COMPANIES INCORPORATED, an entity   )   County Superior Court, Case No.
    of unknown form; and DOES 1 through 50,  )   FCS057949]
18  inclusive,                           )
                                         )
19                 Defendants.           )
                                         )
20

21      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22      PLEASE TAKE NOTICE that CARLISLE CONSTRUCTION MATERIALS, LLC

23  ("CCM") and CARLISLE COMPANIES INCORPORATED (collectively, "Defendants") hereby

24  remove to this Court the state court action described below.

25      **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

26      1.      On March 10, 2022, this action was commenced in the Superior Court of the State

27  of California, Solano County, entitled *Robert McCommon v. Carlisle Construction Materials,*

28  *LLC, et al.*, Case No. FCS057949 (hereinafter "the Action"), alleging various violations of the

-1-

DEFENDANTS' NOTICE OF REMOVAL                          Case No _____

*(left margin, vertical text)* Gordon Rees Scully Mansukhani, LLP / 275 Battery Street, Suite 2000 / San Francisco, CA 94111

1    California Labor Code.  A copy of the Complaint is attached hereto as **Exhibit A**.

2        2.      On March 30, 2022, CCM was personally served with a copy of the Complaint.

3    On April 9, 2022, service was effectuated as to Carlisle Companies, Inc. by way of substituted

4    service.  Following service, neither CCM nor Carlisle Companies, Inc. has filed any responsive

5    pleadings in the Action.

6        3.      Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is timely filed

7    within 30 days from the date on which CCM (i.e., the earlier served defendant) received the

8    complaint.

9        4.      This action is a civil action of which this Court has jurisdiction under 28 U.S.C. §

10   1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it is

11   a civil action between citizens of different states and the matter in controversy exceeds the sum

12   of $75,000.00, exclusive of interest and costs.  The complaint alleges that Defendants violated

13   numerous California Labor Code provisions, including: failure to pay minimum wages, overtime,

14   meal periods, rest breaks, vacation wages, sick time; failure to reimburse necessary expenditures;

15   failure to provide accurate wage statements; violations related to the PayCard system; failure to

16   keep accurate payroll records; failure to pay out resigned or terminated employees; failure to pay

17   pre-employment expenses; failure to disclose proper rates to employees; and unfair business

18   practices and competition. The complaint alleges that from at least four years prior to the filing

19   of this lawsuit, Defendants failed to pay wages, shift differentials, nondiscretionary

20   commissions, incentive pay, and nondiscretionary bonuses. The complaint seeks to represent 14

21   subclasses of employees, and alleges that Defendants employed more than 100 individuals

22   during the relevant timeframe.

23       5.      Complete diversity of citizenship exists in that:  Plaintiff is a citizen of the state of

24   California; and CCM is Delaware limited liability company entity consisting of one member,

25   Carlisle Corporation.  For purposes of diversity jurisdiction, a limited liability company is a

26   citizen of every state of which its owners or members are citizens.  *Johnson v. Columbia Props.*

27   *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A corporation shall be deemed citizen of any

28   state by which it has been incorporated and the state where it has its principal place of business.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-

28 U.S.C. § 1332(c)(1).  Here, CCM's citizenship is determined by the citizenship of the corporation that owns it.  Carlisle Corporation is incorporated in Delaware.

6.    CCM is a wholly owned subsidiary of Carlisle Companies, Inc., the other named defendant in the complaint.  As stated above, a corporation shall be deemed citizen of any state by which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Carlisle Companies, Inc. is a corporation incorporated under the laws of the state of Delaware, with its principal place of business in the state of Pennsylvania.

7.    Removal to the United States District Court for the Eastern District of California is appropriate because the removed state court action was filed in the Superior Court of California, County of Solano.

8.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, without exhibits, will be promptly served on Plaintiff's counsel.

9.    A copy of this Notice of Removal, without exhibits, will also be filed with the Clerk of the Superior Court of California, County of Solano.


Dated: April 27, 2022                    GORDON REES SCULLY MANSUKHANI, LLP


                                          By _____
                                                Sara A. Moore
                                                Ayushi Neogi
                                          Attorneys for Defendants CARLISLE
                                          CONSTRUCTION MATERIALS, LLC and
                                          CARLISLE COMPANIES INCORPORATED

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1255770/66647507v.1

-3-

DEFENDANTS' NOTICE OF REMOVAL                    Case No _____

# EXHIBIT A

**COPY**

**FILED/ENDORSED**
Clerk of the Superior Court

MAR 1 0 2022

By ___K. Fellersen___
DEPUTY CLERK

1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  david@yeremianlaw.com
   Roman Shkodnik (SBN 285152)
3  roman@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  Attorneys for Plaintiff ROBERT MCCOMMON,
   on behalf of himself and others similarly situated
7
   [Additional counsel listed on following page]
8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF SOLANO

11  ROBERT MCCOMMON, on behalf of          Case No. FCS057949
    himself and others similarly situated,
12                                          CLASS ACTION
                Plaintiff,
13                                          Assigned for All Purposes To:
         vs.                                Hon.
14                                          Dept.:
    CARLISLE CONSTRUCTION MATERIALS,
15  LLC, a Delaware limited liability company;   **CLASS ACTION COMPLAINT FOR:**
    CARLISLE COMPANIES INCORPORATED,
16  an entity of unknown form; and DOES 1    1. Failure to Pay Minimum Wages;
    through 50, inclusive,                   2. Failure to Pay Wages and Overtime
17                                              Under Labor Code § 510;
                Defendants.                  3. Meal-Period Liability Under Labor Code §
18                                              226.7;
                                             4. Rest-Break Liability Under Labor Code §
19                                              226.7;
                                             5. Failure to Pay Vacation Wages
20                                           6. Failure to Comply with Labor Code §§ 245 et
                                                seq. and 246
21                                           7. Reimbursement of Necessary Expenditures
                                                Under Labor Code § 2802;
22                                           8. Violation of Labor Code § 226(a);
                                             9. Violation of Labor Code §§ 221 and 224;
23                                           10. Failure to Keep Required Payroll
                                                Records Under Labor Code §§ 1174 and
24                                              1174.5
                                             11. Penalties Pursuant to Labor Code § 203;
25                                           12. Violation of Labor Code § 222.5;
                                             13. Violation of Labor Code § 2810.5;
26                                           14. Violation of Business & Professions Code §
                                                17200 et seq.
27
28                                           **DEMAND FOR JURY TRIAL**

**BY FAX**

- 1 -
COMPLAINT

ASSIGNED TO
JUDGE Stephen Gizzi
FOR ALL PURPOSES

1  Mark A. Ozzello (SBN 116595)
   Mark.Ozzello@capstonelawyers.com
2  Brandon Brouillette (SBN 273156)
   Brandon.Brouillette@capstonelawyers.com
3  John Stobart (SBN 248741)
   John.Stobart@capstonelawyers.com
4  Joseph Hakakian (SBN 323011)
   Joseph.Hakakian@capstonelawyers.com
5  Capstone Law APC
   1875 Century Park East, Suite 1000
6  Los Angeles, California 90067
   Telephone: (310) 556-4811
7  Facsimile: (310) 943-0396

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
COMPLAINT

1       Plaintiff ROBERT MCCOMMON, (hereinafter "Plaintiff") on behalf of himself and all

2 others similarly situated (collectively, "Employees"; individually, "Employee") complains of

3 Defendants, and each of them, as follows:

**INTRODUCTION**

5       1.     Plaintiff brings this action on behalf of himself and all current and former

6 Employees within the State of California who, at any time four (4) years prior to the filing of this

7 lawsuit, are or were employed as non-exempt, hourly employees by Defendants CARLISLE

8 CONSTRUCTION MATERIALS, LLC, a Delaware limited liability company, CARLISLE

9 COMPANIES INCORPORATED, an entity of unknown form, and DOES 1 through 50 (all

10 defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that

11 Defendants, and each of them, violated various provisions of the California Labor Code, relevant

12 orders of the Industrial Welfare Commission (IWC) and California Business & Professions Code,

13 and seeks redress therefore.

14       2.     Plaintiff is a resident of California and during the time period relevant to this

15 Complaint was employed by Defendants as a non-exempt hourly employee within the State of

16 California at Defendants' facilities and offices in Dixon, California. Plaintiff and the other Class

17 members worked for Defendants in Solano County, and in other nonexempt positions, throughout

18 California and, and consistently worked at Defendants' behest without being paid all wages due.

19 More specifically, Plaintiff and the other similarly situated Class members were employed by

20 Defendants and worked at Defendants' offices and other facilities where the conduct giving rise to

21 the allegations in this Class Action Complaint occurred. Upon information and belief, Plaintiff

22 was employed by Defendants and (1) shared similar job duties and responsibilities, (2) was

23 subjected to the same policies and practices, and (3) endured similar violations at the hands of

24 Defendants as the other Employee Class members who served in similar and related positions.

25       3.     Defendants required Plaintiff and the Employees in the Class to perform work

26 while remaining under Defendants' control before and after being on the clock for their daily work

27 shift. Defendants thus failed to pay Plaintiff and the Class members for all hours worked, and

28 provided them with inaccurate wage statements that prevented Plaintiff and the Class from

1   learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class

2   with lawful meal and rest periods, as employees were not provided with the opportunity to take

3   timely, uninterrupted, and duty-free meal and rest periods as required by the Labor Code.

**THE PARTIES**

4

5   **A. The Plaintiff**

6       4.      Plaintiff ROBERT MCCOMMON has resided in California and during the time

7   period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee

8   within the State of California at Defendants' facilities and offices in Dixon, California.

9   **B. The Defendants**

10      5.      Defendant CARLISLE CONSTRUCTION MATERIALS, LLC ("CCM") is a

11  Delaware limited liability corporation with its principle executive office in Carlisle, Pennsylvania,

12  and has been listed as the employer on the wage statements issued to Plaintiff during the relevant

13  time period. CV lists a Pennsylvania address in Carlisle, Pennsylvania with the California

14  Secretary of State, and employs Plaintiff and the Class members in Solano County, including at

15  Defendants' offices and facilities in Dixon, California, and throughout California and conducts

16  business throughout California.

17      6.      Defendant CARLISLE COMPANIES INCORPORATED is an entity of unknown

18  form with its principle executive office in Dixon, California, and has been listed as the employer

19  on Plaintiff's personnel file during the relevant time period. EXPEDIA GROUP does not list a

20  California address with the California Secretary of State, but upon information and belief, employs

21  Plaintiff and the Class Members in Solano County, including at Defendants' offices and facilities

22  in Dixon, California, and throughout California and conducts business throughout California.

23      7.      The true names and capacities, whether individual, corporate, associate, or

24  whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

25  unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of

26  Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants

27  designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

28  some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

- 4 -

COMPLAINT

1  this Complaint to reflect the true names and capacities of the Defendants designated herein as

2  Does 1 through 50 when their identities become known.

3      8.      Plaintiff is informed and believes and thereon alleges that each Defendant acted in

4  all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

5  out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

6  each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

7  all respects as the employers or joint employers of Employees. Defendants, and each of them,

8  exercised control over the wages, hours or working conditions of Employees, or suffered or

9  permitted Employees to work, or engaged, thereby creating a common law employment

10  relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly

11  employed Employees.

12                          **JURISDICTION AND VENUE**

13      9.      This Court has jurisdiction over this Action pursuant to California Code of Civil

14  Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought

15  as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California

16  Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district

17  pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the

18  obligations and liabilities giving rise to this lawsuit occurred at least in part in Solano County and

19  Defendants maintain and operate company offices and facilities in Solano County, and employ

20  Plaintiff and other Class members in Solano County and throughout California.

21                          **FACTUAL BACKGROUND**

22      10.     The Employees who comprise the Class and Collective, including Plaintiff, are

23  nonexempt employees pursuant to the applicable Wage Order of the IWC. Defendants hire

24  Employees who work in nonexempt positions at the direction of Defendants in the State of

25  California. Plaintiff and the Class members were either not paid by Defendants for all hours

26  worked or were not paid at the appropriate minimum, regular and overtime rates. Specifically,

27  Plaintiff and Employees were not paid for the time that they worked off-the-clock without

28  compensation by attending trainings, taking drug tests, answering phone calls from Defendants'

1 employees and supervisors, and Defendants' policy of requiring the Employees to keep their

2 radios on throughout their meal and rest breaks to respond to any emergencies or other situations

3 that needed to be addressed. Plaintiff also contends that Defendants failed to pay Plaintiff and the

4 Class members all wages due and owing, failed to provide meal and rest breaks, and failed to

5 furnish accurate wage statements, all in violation of various provisions of the California <u>Labor</u>

6 <u>Code</u> and applicable Wage Orders. Additionally, Defendants paid Plaintiffs and Employees shift

7 differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses.

8 However, upon information and belief, Defendants failed to incorporate all remunerations,

9 including shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary

10 bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime

11 wage rate. Therefore, during times when Plaintiffs and Employees worked overtime and received

12 shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses,

13 Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

14       11.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

15 present, Defendants paid Plaintiffs and Employees shift differentials, nondiscretionary

16 commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and

17 belief, Defendants failed to incorporate all remunerations, including shift differentials,

18 nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into the

19 calculation of the regular rate of pay for purposes of calculating sick pay. Therefore, during times

20 when Plaintiffs and Employees worked overtime and received shift differentials, nondiscretionary

21 commissions, incentive pay, and/or nondiscretionary bonuses, Defendants failed to pay all sick

22 pay by paying a lower overtime rate than required.

23       12.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

24 present, Defendants paid Plaintiffs and Employees shift differentials, nondiscretionary

25 commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and

26 belief, Defendants failed to incorporate all remunerations, including shift differentials,

27 nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into the

28 calculation of the regular rate of pay for purposes of calculating vacation pay. Therefore, during

1  times when Plaintiffs and Employees worked overtime and received shift differentials,

2  nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, Defendants failed

3  to pay all vacation pay by paying a lower overtime rate than required.

4       13.    During the course of Plaintiff and the Class members' employment with

5  Defendants, they were not paid all wages they were owed, including for all work performed and

6  for all overtime hours worked and were forced to work during their meal and rest breaks to keep

7  labor budgets low.

8       14.    As a matter of uniform Company policy, Plaintiff and the Class members were

9  required to work during their meal and rest breaks which were not compensated by Defendants in

10  violation of the California Labor Code. Plaintiff and the Class members were also not paid

11  regular wages and overtime for the time they were required to comply with other requirements

12  imposed upon them, which they had to complete while working through their meal and rest

13  breaks and without compensation. As a result Plaintiff and the Class members worked shifts over

14  eight (8) hours in a day and over forty (40) hours in a work week, but they were not paid at the

15  appropriate overtime rate for all such hours, including by being required to perform work duties

16  and tasks without pay and while off-the-clock. As a result, Plaintiff and the Class members

17  worked substantial overtime hours during their employment with Defendants for which they were

18  not compensated, in violation of the California Labor Code, applicable IWC Wage Orders.

19       15.    As a result of the above described the daily work demands and pressures to work

20  through breaks, and the other wage violations they endured at Defendants' hands, Plaintiff and the

21  Class members were not properly paid for all wages earned and for all wages owed to them by

22  Defendants, including when working more than eight (8) hours in any given day and/or more than

23  forty (40) hours in any given week. As a result of Defendants' unlawful policies and practices,

24  Plaintiff and Class members incurred overtime hours worked for which they were not adequately

25  and completely compensated. To the extent applicable, Defendants also failed to pay Plaintiff and

26  the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of the

27  seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular

28  rate for hours worked over eight (8) on the seventh consecutive work day, as required under the

1  Labor Code, applicable IWC Wage Orders.

2        16.        Therefore, from at least four (4) years prior to the filing of this lawsuit and

3  continuing to the present, Defendants had a consistent policy or practice of failing to pay

4  Employees for all hours worked, and failing to pay minimum wage for all time worked as required

5  by California Law.

6        17.        Additionally from at least four (4) years prior to the filing of this lawsuit and

7  continuing to the present, Defendants had a consistent policy or practice of failing to pay

8  Employees overtime compensation at premium overtime rates for all hours worked in excess of

9  eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in

10  excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding

11  sections of IWC Wage Orders.

12        18.        Additionally from at least four (4) years prior to the filing of this lawsuit and

13  continuing to the present, Defendants have regularly required Employees to work shifts in excess

14  of five (5) hours without providing them with uninterrupted meal periods of not less than thirty

15  (30) minutes and shifts in excess of ten (10) hours without providing them with second meal

16  periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one

17  hour of wages at each Employee's effective regular rate of pay, for each meal period that

18  Defendants failed to provide or deficiently provided.

19        19.        From at least four (4) years prior to the filing of this lawsuit and continuing to the

20  present, Defendants have consistently failed to provide Employees with paid rest breaks of not less

21  than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did

22  Defendant pay Employees premium pay for each day on which requisite rest breaks were not

23  provided or were deficiently provided at one hour of wages at each Employee's effective regular

24  rate of pay, for each rest period that Defendants failed to provide or deficiently provided.

25        20.        Additionally from at least four (4) years prior to the filing of this lawsuit and

26  continuing to the present, Defendants have consistently and unlawfully collected or received

27  wages from Employees by implementing a policy of payment of Employees' wages using a Rapid

28  PayCard that resulted in Employees incurring fees to receive their wages.

1       21.    Additionally from at least four (4) years prior to the filing of this lawsuit, and

2 continuing to the present, Defendants have consistently failed to provide Employees with timely,

3 accurate, and itemized wage statements as required by California wage-and-hour laws.

4 Specifically, Defendants failed in their affirmative obligation to keep accurate records of the

5 correct overtime wages based on proper regular rate calculations that included shift differentials,

6 nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses earned, and the

7 total amount of compensation of their Employees. Moreover, the wage statements given to

8 Employees by Defendants failed to accurately account for wages, overtime, and premium pay for

9 deficient meal periods and rest breaks, and automatically deducted wages for alleged meal periods,

10 all of which Defendants knew or reasonably should have known were owed to Employees, as

11 alleged hereinabove. The wage statements provided to Employees were confusing and required

12 Employees to engage in discovery and refer to outside sources to verify whether their pay was

13 correct and potentially resulting in a miscalculation by the Employees.

14       22.    Additionally from at least four (4) years prior to the filing of this lawsuit, and

15 continuing to the present, Defendants have consistently failed to provide Employees with timely,

16 accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws.

17       23.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

18 present, Defendants have failed to reimburse Employees for expenses necessarily incurred in the

19 performance of their job duties for Defendants including, but not limited to, the cost of cellphone

20 usage, costs for vehicle maintenance, mileage, and fuel, uniform maintenance which were

21 necessary to perform their duties under Defendants' employ in violation of Labor Code § 2802.

22       24.    Additionally from at least three (3) years prior to the filing of this lawsuit, and

23 continuing to the present, Defendants have consistently failed to keep accurate time and wage

24 records as required by California wage-and-hour laws.

25       25.    Additionally from at least four (4) years prior to filing this lawsuit and continuing

26 to the present, Defendants have had a consistent policy of failing to pay all wages fur and owed to

27 Employees at the time of their termination of within seventy-two (72) hours of their resignation, as

28 required by California wage-and-hour laws.

1    26.    Additionally from at least four (4) years prior to filing this lawsuit and continuing

2    to the present, Defendants have had a consistent policy requiring Plaintiff and Class Members to

3    pay for the mileage and fuel associated with travelling to Defendants' facilities to take drug tests

4    as a condition of their employment in violation of California wage-and-hour laws.

5    27.    Additionally from at least four (4) years prior to filing this lawsuit and continuing

6    to the present, Defendants have had a consistent policy of failing to provide Plaintiff and the Class

7    Members at the time of hiring with written notice, in the language the employer normally uses to

8    communicate, of wage and other employment-related information as required by California wage-

9    and-hour laws.

10    28.    In light of the foregoing, Employees bring this action pursuant to, inter alia, Labor

11    Code §§ 201, 202, 203, 204, 218.5, 221, 224, 222.5, 226, 226.4, 226.7, 227.3, 245 et seq., 246,

12    510, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2 1197, 1199, 2802, 2810.5.

13    29.    Furthermore, pursuant to Business and Professions Code §§ 17200-17208,

14    Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have

15    enjoyed from their violations of Labor Code.

16                            **CLASS ALLEGATIONS**

17    30.    Plaintiff brings this class action on behalf of himself an all others similarly situated

18    pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a class defined as follows:

19    all individuals employed by Defendants, at any time within four (4) years of the filing of this

20    lawsuit, and have been employed by Defendants within the State of California.

21    31.    Further, plaintiff seeks to represent the following Subclasses composed of and

22    defined as follows:

23    a.    Subclass 1. Minimum Wages Subclass. All Class members who were not

24    compensated for all hours worked for Defendants at the applicable minimum wage.

25    b.    Subclass 2. Wages and Overtime Subclass. All Class members who were not

26    compensated for all hours worked for Defendants at the required rates of pay, including for all

27    hours worked in excess of eight in a day and/or forty in a week.

28    c.    Subclass 3. Vacation Wages Subclass. All Class members who were not

- 10 -
COMPLAINT

1  compensated at the Employee's regular rate of pay for their vacation wages.

2       d.     Subclass 4. Sick Pay Subclass. All Class members who were not compensated at

3  the Employee's regular rate of pay for their sick pay wages.

4       e.     Subclass 5. Meal Period Subclass. All Class members who were subject to

5  Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty

6  free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

7       f.     Subclass 6.  Rest Break Subclass.  All Class members who were subject to

8  Defendants' policy and/or practice of failing to authorize and permit Employees to take

9  uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction

10 thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

11      g.     Subclass 7.  Payroll Records Subclass.  All Class members who were subject to

12 Defendants' policy and/or practice of failing to keep accurate time and wage records as required

13 by California wage-and-hour laws.

14      h.     Subclass 8. Unauthorized Deductions from Wages Subclass. All Class members

15 who were subject to Defendants' policy and/or practice of unlawfully collecting or receiving

16 wages from Employees by implementing a policy of payment of Employees' wages using a Rapid

17 PayCard that resulted in Employees incurring fees to receive their wages.

18      i.     Subclass 9. Wage Statement Subclass. All Class members who, within the

19 applicable limitations period, were not provided with accurate itemized wage statements.

20      j.     Subclass 10. Failure to Reimburse for Necessary Business Expenditures. All Class

21 members  who were subject to Defendants failing to reimburse for expenses necessarily incurred

22 in the performance of Employees job duties for Defendants  which were necessary to perform their

23 duties under Defendants' employ.

24      k.     Subclass 11. Termination Pay Subclass. All Class members who, within the

25 applicable limitations period, either voluntarily or involuntarily separated from their employment

26 and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

27 termination.

28      l.     Subclass 12. Cost of Drug Test Subclass. All Class members who, within the

1  applicable limitations period, were subject to Defendants' policy and/or practice of requiring

2  Plaintiff and Class Members to pay for the mileage and fuel associated with travelling to

3  Defendants' facilities to take drug tests as a condition of their employment.

4      m.   Subclass 13. Failure Provide Information Upon Hiring. All Class members who,

5  within the applicable limitations period, were subject to Defendants' policy and/or practice of

6  failing to provide Plaintiff and the Class Members at the time of hiring with written notice, in the

7  language the employer normally uses to communicate, of wage and other employment-related

8  information.

9      n.   Subclass 14. UCL Subclass. All Class members who are owed restitution as a

10  result of Defendants' business acts and practices, to the extent such acts and practices are found to

11  be unlawful, deceptive, and/or unfair.

12      32.   Plaintiff reserves the right under California Rule of Court 3.765 to amend or

13  modify the class description with greater particularity or further division into subclasses or

14  limitation to particular issues.

15      33.   This action has been brought and may properly be maintained as a class action

16  under the provisions of Code of Civil Procedure § 382 because there is a well-defined community

17  of interest in litigation and proposed class is easily ascertainable.

18      **A.   Numerosity**

19      34.   The potential members of the class as defined are so numerous that joinder of all

20  the member of the class is impracticable. While the precise number of class member has not been

21  determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

22  time period relevant to this lawsuit, employed more than 100 individuals were employed by

23  Defendant's within the State of California.

24      35.   Accounting for employee turnover during the relevant time period increases this

25  number substantially. Plaintiff alleges that Defendants' employment records will provide

26  information as to the number and location of all class members.

27      **B.   Commonality**

28      36.   There are questions of law and fact common to the class that predominate over any

- 12 -
COMPLAINT

1 | questions affecting only individual class members. These common questions of law and fact
2 | include:

3     a.      Whether Defendants failed to pay Employees minimum wages;

4     b.      Whether Defendants failed to pay Employees wages for all hours worked;

5     c.      Whether Defendants failed to pay Employees overtime as required under Labor
6            Code § 510;

7     d.      Whether Defendants failed to pay Employees vacation wages as required under
8            Labor Code § 227.3;

9     e.      Whether Defendants failed to pay Employees sick pay as required under Labor
10           Code § 245;

11     f.      Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable
12           IWC Wage Orders, by failing to provide Employees with requisite meal periods or
13           premium pay in lieu thereof;

14     g.      Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage
15           Orders, by failing to provide Employees with requisite rest breaks or premium pay
16           in lieu thereof;

17     h.      Whether Defendants violated Labor Code § 2751;

18     i.      Whether Defendants violated Labor Code § 226(a);

19     j.      Whether Defendants violated Labor Code §§ 221 and 224;

20     k.      Whether Defendants violated Labor Code §§ 1174 and 1174.5;

21     l.      Whether Defendants failed to reimburse Employees for necessary business
22 | expenses;

23     m.      Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay
24           wages and compensation due and owing at the time of termination of employment;

25     n.      Whether Defendants violated Labor Code § 222.5;

26     o.      Whether Defendants violated Labor Code § 2810.5;

27     p.      Whether Defendants violated Business and Professions Code § 17200 et seq.; and

28     q.      Whether Employees are entitled to equitable relief pursuant to Business and

COMPLAINT

1    Professions Code § 17200 et seq.

2    **C.    Typicality**

3        37.    The claims of the named plaintiff are typical of those of the other Employees.

4    Employees all sustained injuries and damages arising out of and caused by Defendant's common

5    course of conducts in violation of statutes, as well as regulations that have the force and effect of

6    law, as alleged herein.

7    **D.    Adequacy of Representation**

8        38.    Plaintiff will fairly and adequately represent and protect the interest of Employees.

9    Counsel who represents Employees are experienced and competent in litigating employment class

10   actions.

11   **E.    Superiority of Class Action**

12       39.    A class action is superior to other available means for the fair and efficient

13   adjudication of this controversy. Individual joinder of all Employees is not practicable, and

14   questions of law and fact common to all Employees predominate over any questions affecting only

15   individual Employees. Each Employee has been damaged and is entitled to recovery by reason of

16   Defendants' illegal policies or practices of failing to compensate Employees properly.

17       40.    Class action treatment will allow those persons similarly situated to litigate their

18   claims in the manner that is most efficient and economical for the parties and the judicial system.

19   Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

20                           **FIRST CAUSE OF ACTION**

21                      **FAILURE TO PAY MINIMUM WAGES**

22                            **(Against All Defendants)**

23       41.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

24   full herein.

25       42.    Defendants failed to pay Employees minimum wages for all hours worked.

26   Defendants had a consistent policy of misstating Employees time records and failing to pay

27   Employees for all hours worked. Employees would work hours and not receive wages, including

28   as alleged above in connection with working during meal breaks, time off the clock Employees

                                          - 14 -

1 without compensation by attending trainings, taking drug tests, answering phone calls from

2 Defendants' employees and supervisors, and Defendants' policy of requiring the Employees to

3 keep their radios on throughout their meal and rest breaks to respond to any emergencies or other

4 situations that needed to be addressed. Additionally, Defendants had a consistent policy of

5 failing to pay Employees for hours worked during alleged meal periods for which Employees

6 were consistently denied, as also addressed herein. Moreover, Defendants did not pay Plaintiff

7 and Employees at the applicable minimum wage for all hours worked. Defendants' uniform

8 pattern of unlawful wage and hour practices manifested, without limitation, applicable to the

9 Class as a whole, as a result of implementing a uniform policy and practice that denied accurate

10 compensation to Plaintiff and the other members of the Class as to minimum wage pay.

11     43.   California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage"

12 states:

13         The minimum wage for employees fixed by the commission is the
        minimum wage to be paid to employees, and the payment of a less
14         wage than the minimum so fixed is unlawful.

15     44.   The applicable minimum wages fixed by the commission for work during the

16 relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are

17 therefore entitled to double the minimum wage during the relevant period.

18     45.   The minimum wage provisions of California Labor Code are enforceable by private

19 civil action pursuant to California Labor Code § 1194(a) which states:

20         Notwithstanding any agreement to work for a lesser wage, any
        employee receiving less than the legal minimum wage or the legal
21         overtime compensation applicable to the employee is entitled to
        recover in a civil action the unpaid balance of the full amount of
22         this minimum wage or overtime compensation, including interest
        thereon, reasonable attorney's fees and costs of suit.
23

24     46.   As described in California Labor Code §§ 1185 and 1194.2, any action for wages

25 incorporates the applicable Wage Order of the California Industrial Welfare Commission.

26     47.   California Labor Code § 1194.2 also provides for the following remedies:

27         In any action under Section 1194 . . . to recover wages because of
        the payment of a wage less than the minimum wages fixed by an
        order of the commission, an employee shall be entitled to recover
28         liquidated damages in an amount equal to the wages unlawfully
        unpaid and interest thereon.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

48.    Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

49.    Wherefore, Employees are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

### (Against All Defendants)

50.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

51.    By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked including time off the clock Employees spent without compensation by attending trainings, taking drug tests, answering phone calls from Defendants' employees and supervisors, and Defendants' policy of requiring the Employees to keep their radios on throughout their meal and rest breaks to respond to any emergencies or other situations that needed to be addressed. Employees regularly worked over 8 hours on a given day without receiving overtime compensation.

52.    Furthermore, on information and belief, Defendants did not pay Plaintiffs and Employees the correct overtime rate for the recorded overtime hours that they generated. In

- 16 -
COMPLAINT

1   addition to an hourly wage, Defendants paid Plaintiffs and Employees shift differentials,

2   nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses. However, upon

3   information and belief, Defendants failed to incorporate all remunerations, including shift

4   differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into

5   the calculation of the regular rate of pay for purposes of calculating the overtime wage rate.

6       53.     Therefore, during times when Plaintiffs and Employees worked overtime and

7   received shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary

8   bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than

9   required.

10      54.     Defendants' failure to pay compensation in a timely fashion also constituted a

11  violation of California Labor Code § 204, which requires that all wages shall be paid

12  semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct

13  violation of that provision of the California Labor Code, Defendants have failed to pay all wages

14  and overtime compensation earned by Employees. Each such failure to make a timely payment of

15  compensation to Employees constitutes a separate violation of California Labor Code § 204.

16      55.     Employees have been damaged by these violations of California Labor Code §§

17  204 and 510 (and the relevant orders of the Industrial Welfare Commission).

18      56.     Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the

19  relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for

20  the full amount of all their unpaid wages and overtime compensation, with interest, plus their

21  reasonable attorneys' fees and costs.

22                          **THIRD CAUSE OF ACTION**

23              **MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

24                          **(Against All Defendants)**

25      57.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

26  full herein.

27      58.     Employees regularly worked shifts greater than five (5) hours and greater than ten

28  (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of

- 17 -
COMPLAINT

1    more than five (5) hours without providing him or her with a meal period of not less than thirty

2    (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second

3    meal period of not less than thirty (30) minutes.

4         59.    Defendants failed to provide Employees with meal periods as required under the

5    Labor Code. Employees were consistently required to work through their meal periods which they

6    were consistently denied. Employees were also required to take meal periods after working well

7    beyond the five (5) hour shifts. Furthermore, Employees were regularly required to work for more

8    than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal

9    period as required by law.

10        60.    Moreover, Defendants failed to compensate Employees for each meal period not

11   provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and

12   20 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an

13   employee a meal period in accordance with this section, the employer shall pay the employee one

14   hour of pay at the employee's regular rate of compensation for each workday that the meal period

15   is not provided. Defendants failed to compensate the Employees in the Class for each meal period

16   not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11

17   and 20 of the applicable IWC Wage Order. Additionally, as detailed above, when Defendants did

18   pay meal period premiums, they did so at the normal regular rate of pay without factoring in all

19   forms or remuneration/compensation or by otherwise incorrectly calculating the regular rate.

20        61.    Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in

21   an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal

22   period not provided or deficiently provided, a sum to be proven at trial.

23                          **FOURTH CAUSE OF ACTION**

24              **REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**

25                          **(Against All Defendants)**

26        62.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

27   full herein.

28        63.    Employees consistently worked consecutive four (4) hour shifts. Pursuant to the

1 | Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of

2 | not less than ten (10) minutes for each consecutive four (4) hour shift.

3 |      64.    Defendants failed to provide Employees with timely rest breaks of not less than ten

4 | (10) minutes for each consecutive four (4) hour shift.

5 |      65.    Moreover, Defendants failed to compensate Employees for each rest period not

6 | provided or inadequately provided, as required under Labor Code § 226.7 and the applicable IWC

7 | Wage Orders, which provide that, if an employer fails to provide an employee a rest period in

8 | accordance with this section, the employer shall pay the employee one hour of pay at the

9 | employee's regular rate of compensation for each workday that the rest period is not provided.

10 | Defendants failed to compensate the Employees in the Class for each rest period not provided or

11 | inadequately provided, as required under Labor Code § 226.7 and the applicable IWC Wage

12 | Order. Additionally, as detailed above, when Defendants did pay rest period premiums, they did

13 | so at the normal regular rate of pay without factoring in all forms or remuneration/compensation

14 | or by otherwise incorrectly calculating the regular rate.

15 |      66.    Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in

16 | an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day

17 | worked without the required rest breaks, a sum to be proven at trial.

18 | **FIFTH CAUSE OF ACTION**

19 | **FAILURE TO PAY VACATION WAGES**

20 | **(Against All Defendants)**

21 |      67.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

22 | full herein.

23 |      68.    Pursuant to California Labor Code § 227.3, whenever a contract of employment or

24 | employment policy provides for paid vacation and an employee is terminated without having

25 | taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate

26 | in accordance with said contract of employment or policy respecting eligibility or time served.

27 |      69.    Defendants paid shift differentials, nondiscretionary commissions, incentive pay,

28 | and/or nondiscretionary bonuses to Employees but Defendants failed to include these forms of

1  remuneration in the regular rate of pay upon which vacation wages were calculated and paid.

2        70.     Therefore, pursuant to, Plaintiff and Employees seek to recover penalties pursuant

3  to Labor Code § 227.3.

4  **SIXTH CAUSE OF ACTION**

5  **FAILURE TO COMPLY WITH LABOR CODE §§ 245 *ET SEQ*. AND 246**

6  **(Against All Defendants)**

7        71.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

8  full herein.

9        72.     California Labor Code § 245 *et seq*. requires that Defendants provide paid sick time

10  to Employees, including at the amount, terms, and rate of compensation set forth in said law. At

11  times relevant, Defendants have failed compute the amount due for paid sick time in conformance

12  with the pay calculation under California Labor Code § 246(I).

13        73.     Defendants paid shift differentials, nondiscretionary commissions, incentive pay,

14  and/or nondiscretionary bonuses to Employees but Defendants failed to include these forms of

15  remuneration in the regular rate of pay upon which sick pay was calculated and paid. Rather than

16  calculating the amount of paid sick time due when sick time is used according to the requirements

17  set forth in California Labor Code § 246(1), Defendants paid sick leave to Employees at a lower

18  rate, in violation of the law.

19        74.     Therefore, Plaintiff and Employees seek to recover penalties pursuant to Labor

20  Code § 245 *et seq. and* §§ 245 *et seq.* and 246.

21  **SEVENTH CAUSE OF ACTION**

22  **FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES**

23  **IN VIOLATION OF LABOR CODE § 2802**

24  **(Against All Defendants)**

25        75.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

26  full herein.

27        76.     Under Labor Code § 2802(a) an employer must indemnify its employees for all

28  necessary expenditures or losses incurred by the employee in direct consequence of the discharge

1  of his or her duties, or of his or her obedience to the directions of the employer.

2       77.    Employees incurred necessary expenditures in the performance of their job duties

3  for Defendants, namely the cost of cell phone usage,  costs for vehicle maintenance, mileage, and

4  fuel, uniform maintenance which were necessary to perform their duties under Defendants'

5  employ. From four (4) years prior to the original filing of this lawsuit and continuing to the

6  present, Defendants consistently failed to reimburse Employees for these necessarily incurred

7  business expenses. costs for vehicle maintenance, mileage, and fuel, uniform maintenance

8       78.    As a result of the unlawful acts of Defendants, Employees have been deprived of

9  reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts,

10  plus interest and penalties thereon, attorneys' fees, and costs.

11  **EIGHTH CAUSE OF ACTION**

12  **VIOLATION OF <u>LABOR CODE</u> § 226(a)**

13  **(Against All Defendants)**

14       79.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

15  full herein.

16       80.    California <u>Labor Code</u> § 226(a) requires an employer to furnish each of his or her

17  employees with an accurate, itemized statement in writing showing the gross and net earnings,

18  total hours worked, and the corresponding number of hours worked at each hourly rate; these

19  statements must be appended to the detachable part of the check, draft, voucher, or whatever else

20  serves to pay the employee's wages; or, if wages are paid by cash or personal check, these

21  statements may be given to the employee separately from the payment of wages; in either case the

22  employer must give the employee these statements twice a month or each time wages are paid.

23       81.    Defendants failed to provide Employees with accurate itemized wage statements in

24  writing, as required by the <u>Labor Code</u>. Specifically, the wage statements given to Employees, by

25  Defendants, failed to include the above requirements enumerated above. Employees' wage

26  statements did not include: the total hours worked in violation of <u>Labor Code</u> § 226(a)(2) and

27  failed to accurately set forth all applicable hourly rates in effect during the pay period and the

28  corresponding number of hours worked at each such rate in violation of <u>Labor Code</u> §  226 (a)(9).

1    The wage statements provided to Employees were confusing and required Employees to engage in

2    discovery and refer to outside sources to verify whether their pay was correct and potentially

3    resulting in a miscalculation by the Employees. Additionally, Specifically, Defendants failed in

4    their affirmative obligation to keep accurate records of the correct overtime wages based on proper

5    regular rate calculations that included shift differentials, nondiscretionary commissions, incentive

6    pay, and/or nondiscretionary bonuses earned, and the total amount of compensation of their

7    Employees. Moreover, the wage statements given to Employees by Defendants failed to accurately

8    account for wages, overtime, and premium pay for deficient meal periods and rest breaks, and

9    automatically deducted wages for alleged meal periods, all of which Defendants knew or

10   reasonably should have known were owed to Employees, as alleged hereinabove. The wage

11   statements provided to Employees were confusing and required Employees to engage in discovery

12   and refer to outside sources to verify whether their pay was correct and potentially resulting in a

13   miscalculation by the Employees.

14          82.    As a direct and proximate cause of Defendants' violation of Labor Code § 226(a),

15   Employees suffered injuries, including among other things confusion over whether they received

16   all wages owed them, the difficulty and expense involved in reconstructing pay records, and

17   forcing them to make mathematical computations to analyze whether the wages paid in fact

18   compensated them correctly for all hours worked.

19          83.    Pursuant to Labor Code §§ 226(a) and 226(e), Employees are entitled to recover

20   the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

21   occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

22   exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an

23   award of costs and reasonable attorneys' fees.

24          84.    With respect to violations of Labor Code § 226, Labor Code § 226.3 imposes a

25   civil penalty of two hundred and fifty dollars ($250) for initial violations for each employee for

26   each pay period, and one thousand dollars ($1000) for each subsequent violation for each

27   employee for each pay period.

28          85.    Plaintiff is seeking penalties against Defendants under Labor Code § 226.3, and

- 22 -
COMPLAINT

1  any other applicable statute allowing recovery of penalties as alleged herein in an amount to be

2  shown according to proof.

3                              **NINTH CAUSE OF ACTION**

4                    **VIOLATION OF LABOR CODE §§ 221 and 224**

5                              **(Against All Defendants)**

6        86.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

7  full herein.

8        87.    Labor Code § 221 provides, "It shall be unlawful for any employer to collect or

9  receive from an employee any part of wages theretofore paid by said employer to said employee."

10       88.    Defendants unlawfully received and/or collected wages from Plaintiff and

11  Employees by implementing a policy of payment of Employees' wages using a Rapid PayCard

12  that resulted in Employees incurring fees to receive their wages.

13       89.    Defendants also violated Labor Code § 224, which prohibits Defendants' charging

14  of fees to its employees to receive their payment of wages from Defendants' clients.

15       90.    As a direct and proximate cause of the unauthorized deductions, Employees have

16  been damaged, in an amount to be determined at trial.

17                              **TENTH CAUSE OF ACTION**

18  **FAILURE TO KEEP REQUIRED PAYROLL RECORDS UNDER LABOR CODE §§ 1174**

19                              **AND 1174.5**

20                              **(Against All Defendants)**

21       91.    Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

22  full herein.

23       92.    California Labor Code § 1174 requires that all employers shall keep accurate time

24  and wage records for all employees. California Labor Code § 1174.5 further requires that any

25  employee suffering injury due to a willful violation of the aforementioned obligations may seek

26  damages, including civil penalties, from the employer.

27       93.    During the course of Plaintiff's and Employees' employment, Defendants

28  consistently failed to maintain accurate time and wage records for Plaintiff and Employees as

1    required by <u>California Labor Code § 1174 by failing to</u> pay Plaintiff and Employees proper wages,

2    overtime, and premium pay as discussed above.

3        94.    Accordingly, Defendants are liable for civil penalties pursuant to the California

4    <u>Labor Code §§ 1174.5.</u> for the three (3) years prior to the filing of this Complaint.

5                           **ELEVENTH CAUSE OF ACTION**

6                           **VIOLATION OF <u>LABOR CODE § 203</u>**

7                              **(Against All Defendants)**

8        95.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

9    full herein.

10       96.    Numerous Employees are no longer employed by Defendants; they either quit

11   Defendants' employ or were fired therefrom.

12       97.    Defendants failed to pay these Employees all wages due and certain at the time of

13   termination or within seventy-two (72) hours of resignation.

14       98.    The wages withheld from these Employees by Defendants remained due and owing

15   for more than thirty (30) days from the date of separation of employment.

16       99.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants

17   knew wages to be due but failed to pay them; this violation entitles these Employees to penalties

18   under <u>Labor Code § 203</u>, which provides that an employee's wages shall continue until paid for up

19   to thirty (30) days from the date they were due.

20                           **TWELVTH CAUSE OF ACTION**

21                           **VIOLATION OF <u>LABOR CODE § 222.5</u>**

22                              **(Against All Defendants)**

23       100.   Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

24   full herein.

25       101.   California <u>Labor Code § 222.5</u> provides "no person shall withhold or deduct from

26   the compensation of any employee, or require any prospective employee or applicant for

27   employment to pay, any fee for, or cost of, any pre-employment medical or physical examination

28   taken as a condition of employment."

- 24 -
COMPLAINT

1    102.    Defendants have violated Labor Code § 222.5 by requiring Plaintiff and Class

2    Members to pay for the mileage and fuel associated with travelling to Defendants' facilities to take

3    drug tests as a condition of their employment.

4    103.    Because Defendants unlawfully required Plaintiff and similarly situated Delivery

5    Drivers to pay for the mileage and fuel associated with travelling to Defendants' facilities to take

6    drug tests as a condition of their employment, it is liable for reimbursement, penalties, reasonable

7    attorneys' fees, and costs under Labor Code §§ 218.5 and 1194.

8                        **THIRTEENTH CAUSE OF ACTION**

9                     **VIOLATION OF LABOR CODE § 2810.5**

10                          **(Against All Defendants)**

11   104.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

12   full herein.

13   105.    Labor Code § 2810.5 requires that employers provide notice to employees of their

14   rate(s) of pay, designated pay day, the employer's intent to claim allowances (meal or lodging

15   allowances) as part of the minimum wage, and the basis of wage payment (whether paying by

16   hour, shift, day, week, piece, etc.), including any applicable rates for overtime. The law requires

17   that the notice contain the employer's "doing business as" names, and that it be provided at the

18   time of hiring and within 7 days of a change if the change is not listed on the employee's pay stub

19   for the following pay period. The notice must be provided in the language the employer normally

20   uses to communicate employment-related information to the employee, through translated notices

21   provided by the Department of Labor.

22   106.    Defendants knowingly and intentionally failed to comply with Labor Code §

23   2810.5.

24   107.    Pursuant to Labor Code § 2810.5, defendants failed to timely make the required

25   disclosures. Therefore, each pay period that the disclosure is not made creates a continuing

26   liability for defendants. The first pay period missed results in a civil penalty of $100. The second

27   and any subsequent pay period where the disclosure has not been made results in a civil penalty of

28   $200.

1

**FOURTEENTH CAUSE OF ACTION**

2

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**

3

**(Against All Defendants)**

4       108.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

5     full herein.

6       109.     Plaintiff, on behalf of herself, Employees, and the general public, brings this claim

7     pursuant to Business & Professions Code § 17200 et seq. The conduct of Defendants as alleged in

8     this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the

9     general public. Plaintiff seeks to enforce important rights affecting the public interest within the

10    meaning of Code of Civil Procedure

11    § 1021.5.

12      110.     Plaintiff is a "person" within the meaning of Business & Professions Code

13    § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive

14    relief, restitution, and other appropriate equitable relief.

15      111.     Business & Professions Code § 17200 et seq. prohibits unlawful and unfair

16    business practices.

17      112.     Wage-and-hour laws express fundamental public policies. Paying employees their

18    wages and overtime, providing them with meal and rest periods, etc., are fundamental public

19    policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously

20    to enforce minimum labor standards, to ensure that employees are not required or permitted to

21    work under substandard and unlawful conditions, and to protect law-abiding employers and their

22    employees from competitors who lower costs to themselves by failing to comply with minimum

23    labor standards.

24      113.     Defendants have violated statutes and public policies. Through the conduct alleged

25    in this Complaint Defendants have acted contrary to these public policies, have violated specific

26    provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in

27    violation of Business & Professions Code § 17200 et seq.; which conduct has deprived Plaintiff,

28    and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

- 26 -

COMPLAINT

1  guaranteed to all employees under the law.

2        114.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in

3  violation of the Business & Professions Code § 17200 et seq.

4        115.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

5  overtime, failing to provide meal and rest periods, etc., either knew or in the exercise of reasonable

6  care should have known that their conduct was unlawful; therefore their conduct violates the

7  Business & Professions Code § 17200 et seq.

8        116.    As a proximate result of the above-mentioned acts of Defendants, Employees have

9  been damaged, in a sum to be proven at trial.

10        117.    Unless restrained by this Court Defendants will continue to engage in such

11  unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should

12  make such orders or judgments, including the appointment of a receiver, as may be necessary to

13  prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice

14  prohibited by the Business & Professions Code, including but not limited to the disgorgement of

15  such profits as may be necessary to restore Employees to the money Defendants have unlawfully

16  failed to pay.

17                                        **RELIEF REQUESTED**

18  WHEREFORE, Plaintiff prays for the following relief:

19        1.    For an order certifying this action as a class action;

20        2.    For compensatory damages in the amount of the unpaid minimum wages for work

21  performed by Employees and unpaid overtime compensation from at least four (4) years prior to

22  the filing of this action, as may be proven;

23        3.    For liquidated damages in the amount equal to the unpaid minimum wage and

24  interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

25        4.    For compensatory damages in the amount of the hourly wage made by Employees

26  for each missed or deficient meal period where no premium pay was paid therefor from four (4)

27  years prior to the filing of this action, as may be proven;

28        5.    For compensatory damages in the amount of the hourly wage made by Employees

1    for each day requisite rest breaks were not provided or were deficiently provided where no

2    premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may

3    be proven;

4          6.     For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

5          7.     For penalties pursuant to Labor Code § 226.3, as may be proven;

6          8.     For restitution and/or damages for all amounts unlawfully withheld from the wages

7    for all class members in violation of Labor Code §§ 221 and 224, as may be proven;

8          9.     For penalties pursuant to Labor Code § 203 for all Employees who quit or were

9    fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

10        10.    For penalties pursuant to Labor Code § 227.3, as may be proven;

11        11.    For penalties pursuant to Labor Code §§ 245 and 246, as may be proven;

12        12.    For penalties pursuant to Labor Code § 1174.5, as may be proven;

13        13.    For penalties pursuant to Labor Code § 222.5, as may be proven;

14        14.    For penalties pursuant to Labor Code § 2810.5, as may be proven;

15        15.    For restitution for unfair competition pursuant to Business & Professions Code

16   § 17200 et seq., including disgorgement or profits, as may be proven;

17        16.    For compensatory damages in the amount of all previously unreimbursed business

18   expenditures necessarily incurred by Employees in the discharge of their job duties for Defendants

19   from four (4) years prior to the original filing of this action, as may be proven;

20        17.    For an order enjoining Defendants and their agents, servants, and employees, and

21   all persons acting under, in concert with, or for them, from acting in derogation of any rights or

22   duties adumbrated in this Complaint;

23        18.    For all general, special, and incidental damages as may be proven;

24        19.    For an award of pre-judgment and post-judgment interest;

25        20.    For an award providing for the payment of the costs of this suit;

26        21.    For an award of attorneys' fees; and

27        22.    For such other and further relief as this Court may deem proper and just.

28   ///

1    DATED:  March 9, 2022                    DAVID YEREMIAN & ASSOCIATES, INC.

2                                             By

3                                             David Yeremian
                                              Roman Shkodnik
4                                             Attorneys for Plaintiff
                                              ROBERT MCCOMMON
5                                             and the putative class

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4    DATED: March 9, 2022          DAVID YEREMIAN & ASSOCIATES, INC.

5

6    By

7    David Yeremian
Roman Shkodnik
Attorneys for Plaintiff
8    ROBERT MCCOMMON
and the putative class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 30 -
COMPLAINT