1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  david@yeremianlaw.com
   Roman Shkodnik (SBN 285152)
3  roman@yeremianlaw.com
   2540 Foothill Blvd., Suite 201
4  La Crescenta, California 91214
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  Attorneys for Plaintiff ROBERT MCCOMMON,
   on behalf of himself and others similarly situated
7
   [Additional counsel listed on following page]
8
                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11  ROBERT MCCOMMON, on behalf of          Case No.  2:22-cv-00728 MCE-AC
    himself and others similarly situated,
12                                          CLASS ACTION
                        Plaintiff,
13                                          Assigned for All Purposes To:
            vs.                             Hon. Morrison C. England, Jr.
14                                          Courtroom: 7
    CARLISLE CONSTRUCTION MATERIALS,
15  LLC, a Delaware limited liability company;  **FIRST AMENDED CLASS ACTION**
    CARLISLE COMPANIES INCORPORATED,    **COMPLAINT FOR:**
16  an entity of unknown form; and DOES 1
    through 50, inclusive,                  1.  Failure to Pay Minimum Wages;
17                                          2.  Failure to Pay Wages and Overtime
                        Defendants.             Under Labor Code § 510;
18                                          3.  Meal-Period Liability Under Labor Code §
                                                226.7;
19                                          4.  Rest-Break Liability Under Labor Code §
                                                226.7;
20                                          5.  Failure to Pay Vacation Wages
                                            6.  Failure to Comply with Labor Code §§ 245 *et*
21                                              *seq.* and 246
                                            7.  Reimbursement of Necessary Expenditures
22                                              Under Labor Code § 2802;
                                            8.  Violation of Labor Code § 226(a);
23                                          9.  Violation of Labor Code §§ 221 and 224;
                                            10. Failure to Keep Required Payroll
24                                              Records Under Labor Code §§ 1174 and
                                                1174.5
25                                          11. Penalties Pursuant to Labor Code § 203;
                                            12. Violation of Business & Professions Code §
26                                              17200 et seq.
                                            13. Penalties Pursuant to Labor Code § 2699, *et*
27                                              *seq.*
28
                                            **DEMAND FOR JURY TRIAL**

- 1 -
FIRST AMENDED COMPLAINT

Mark A. Ozzello (SBN 116595)
Mark.Ozzello@capstonelawyers.com
Brandon Brouillette (SBN 273156)
Brandon.Brouillette@capstonelawyers.com
John Stobart (SBN 248741)
John.Stobart@capstonelawyers.com
Joseph Hakakian (SBN 323011)
Joseph.Hakakian@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

- 2 -

FIRST AMENDED COMPLAINT

Plaintiff ROBERT MCCOMMON, (hereinafter "Plaintiff") on behalf of himself and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

## INTRODUCTION

1.      Plaintiff brings this action on behalf of himself and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendants CARLISLE CONSTRUCTION MATERIALS, LLC, a Delaware limited liability company, CARLISLE COMPANIES INCORPORATED, an entity of unknown form, and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC) and California Business & Professions Code, and seeks redress therefore.

2.      Plaintiff is a resident of California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California at Defendants' facilities and offices in Dixon, California. Plaintiff and the other Class members worked for Defendants in Solano County, and in other nonexempt positions, throughout California and, and consistently worked at Defendants' behest without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class members were employed by Defendants and worked at Defendants' offices and other facilities where the conduct giving rise to the allegations in this Class Action Complaint occurred. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities, (2) was subjected to the same policies and practices, and (3) endured similar violations at the hands of Defendants as the other Employee Class members who served in similar and related positions.

3.      Defendants required Plaintiff and the Employees in the Class to perform work while remaining under Defendants' control before and after being on the clock for their daily work shift. Defendants thus failed to pay Plaintiff and the Class members for all hours worked, and provided them with inaccurate wage statements that prevented Plaintiff and the Class from

FIRST AMENDED COMPLAINT

1    learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class

2    with lawful meal and rest periods, as employees were not provided with the opportunity to take

3    timely, uninterrupted, and duty-free meal and rest periods as required by the Labor Code.

4                                    **THE PARTIES**

5        **A.  The Plaintiff**

6        4.      Plaintiff ROBERT MCCOMMON has resided in California and during the time

7    period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee

8    within the State of California at Defendants' facilities and offices in Dixon, California.

9        **B.  The Defendants**

10       5.      Defendant CARLISLE CONSTRUCTION MATERIALS, LLC ("CCM") is a

11   Delaware limited liability corporation with its principle executive office in Carlisle, Pennsylvania,

12   and has been listed as the employer on the wage statements issued to Plaintiff during the relevant

13   time period. CV lists a Pennsylvania address in Carlisle, Pennsylvania with the California

14   Secretary of State, and employs Plaintiff and the Class members in Solano County, including at

15   Defendants' offices and facilities in Dixon, California, and throughout California and conducts

16   business throughout California.

17       6.      Defendant CARLISLE COMPANIES INCORPORATED is an entity of unknown

18   form with its principle executive office in Dixon, California, and has been listed as the employer

19   on Plaintiff's personnel file during the relevant time period. CARLISLE COMPANIES

20   INCORPORATED does not list a California address with the California Secretary of State, but

21   upon information and belief, employs Plaintiff and the Class Members in Solano County,

22   including at Defendants' offices and facilities in Dixon, California, and throughout California and

23   conducts business throughout California.

24       7.      The true names and capacities, whether individual, corporate, associate, or

25   whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

26   unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of

27   Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants

28   designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

- 4 -

1   some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

2   this Complaint to reflect the true names and capacities of the Defendants designated herein as

3   Does 1 through 50 when their identities become known.

4          8.     Plaintiff is informed and believes and thereon alleges that each Defendant acted in

5   all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

6   out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

7   each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

8   all respects as the employers or joint employers of Employees. Defendants, and each of them,

9   exercised control over the wages, hours or working conditions of Employees, or suffered or

10  permitted Employees to work, or engaged, thereby creating a common law employment

11  relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly

12  employed Employees.

13  **JURISDICTION AND VENUE**

14         9.     This Court has jurisdiction over this Action pursuant to California Code of Civil

15  Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought

16  as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California

17  Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district

18  pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the

19  obligations and liabilities giving rise to this lawsuit occurred at least in part in Solano County and

20  Defendants maintain and operate company offices and facilities in Solano County, and employ

21  Plaintiff and other Class members in Solano County and throughout California.

22  **FACTUAL BACKGROUND**

23        10.    The Employees who comprise the Class and Collective, including Plaintiff, are

24  nonexempt employees pursuant to the applicable Wage Order of the IWC. Defendants hire

25  Employees who work in nonexempt positions at the direction of Defendants in the State of

26  California. Plaintiff and the Class members were either not paid by Defendants for all hours

27  worked or were not paid at the appropriate minimum, regular and overtime rates. Specifically,

28  Plaintiff and Employees were not paid for the time that they worked off-the-clock without

compensation by attending trainings, taking drug tests, answering phone calls from Defendants'

employees and supervisors, and Defendants' policy of requiring the Employees to keep their

radios on throughout their meal and rest breaks to respond to any emergencies or other situations

that needed to be addressed. Plaintiff also contends that Defendants failed to pay Plaintiff and the

Class members all wages due and owing, failed to provide meal and rest breaks, and failed to

furnish accurate wage statements, all in violation of various provisions of the California <u>Labor</u>

<u>Code</u> and applicable Wage Orders. Additionally, Defendants paid Plaintiffs and Employees shift

differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses.

However, upon information and belief, Defendants failed to incorporate all remunerations,

including shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary

bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime

wage rate. Therefore, during times when Plaintiffs and Employees worked overtime and received

shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses,

Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

11.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

present, Defendants paid Plaintiffs and Employees shift differentials, nondiscretionary

commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and

belief, Defendants failed to incorporate all remunerations, including shift differentials,

nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into the

calculation of the regular rate of pay for purposes of calculating sick pay. Therefore, during times

when Plaintiffs and Employees worked overtime and received shift differentials, nondiscretionary

commissions, incentive pay, and/or nondiscretionary bonuses, Defendants failed to pay all sick

pay by paying a lower overtime rate than required.

12.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

present, Defendants paid Plaintiffs and Employees shift differentials, nondiscretionary

commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and

belief, Defendants failed to incorporate all remunerations, including shift differentials,

nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into the

1   calculation of the regular rate of pay for purposes of calculating vacation pay. Therefore, during

2   times when Plaintiffs and Employees worked overtime and received shift differentials,

3   nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, Defendants failed

4   to pay all vacation pay by paying a lower overtime rate than required.

5          13.    During the course of Plaintiff and the Class members' employment with

6   Defendants, they were not paid all wages they were owed, including for all work performed and

7   for all overtime hours worked and were forced to work during their meal and rest breaks to keep

8   labor budgets low.

9          14.    As a matter of uniform Company policy, Plaintiff and the Class members were

10  required to work during their meal and rest breaks which were not compensated by Defendants in

11  violation of the California <u>Labor Code</u>. Plaintiff and the Class members were also not paid

12  regular wages and overtime for the time they were required to comply with other requirements

13  imposed upon them, which they had to complete while working through their meal and rest

14  breaks and without compensation. As a result Plaintiff and the Class members worked shifts over

15  eight (8) hours in a day and over forty (40) hours in a work week, but they were not paid at the

16  appropriate overtime rate for all such hours, including by being required to perform work duties

17  and tasks without pay and while off-the-clock. As a result, Plaintiff and the Class members

18  worked substantial overtime hours during their employment with Defendants for which they were

19  not compensated, in violation of the California <u>Labor Code</u>, applicable IWC Wage Orders.

20         15.    As a result of the above described the daily work demands and pressures to work

21  through breaks, and the other wage violations they endured at Defendants' hands, Plaintiff and the

22  Class members were not properly paid for all wages earned and for all wages owed to them by

23  Defendants, including when working more than eight (8) hours in any given day and/or more than

24  forty (40) hours in any given week. As a result of Defendants' unlawful policies and practices,

25  Plaintiff and Class members incurred overtime hours worked for which they were not adequately

26  and completely compensated. To the extent applicable, Defendants also failed to pay Plaintiff and

27  the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of the

28  seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular

rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code, applicable IWC Wage Orders.

16.     Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wage for all time worked as required by California Law.

17.     Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders.

18.     Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes and shifts in excess of ten (10) hours without providing them with second meal periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective regular rate of pay, for each meal period that Defendants failed to provide or deficiently provided.

19.     From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Employees with paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did Defendant pay Employees premium pay for each day on which requisite rest breaks were not provided or were deficiently provided at one hour of wages at each Employee's effective regular rate of pay, for each rest period that Defendants failed to provide or deficiently provided.

20.     Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently and unlawfully collected or received wages from Employees by implementing a policy of payment of Employees' wages using a Rapid

FIRST AMENDED COMPLAINT

PayCard that resulted in Employees incurring fees to receive their wages.

21.     Additionally from at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely, accurate, and itemized wage statements as required by California wage-and-hour laws. Specifically, Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees. Moreover, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, and automatically deducted wages for alleged meal periods, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove. The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct and potentially resulting in a miscalculation by the Employees.

22.     Additionally from at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws.

23.     From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have failed to reimburse Employees for expenses necessarily incurred in the performance of their job duties for Defendants including, but not limited to, the cost of cellphone usage, costs for vehicle maintenance, mileage, and fuel, uniform maintenance which were necessary to perform their duties under Defendants' employ in violation of Labor Code § 2802.

24.     Additionally from at least three (3) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to keep accurate time and wage records as required by California wage-and-hour laws.

25.     Additionally from at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have had a consistent policy of failing to pay all wages fur and owed to Employees at the time of their termination of within seventy-two (72) hours of their resignation, as

FIRST AMENDED COMPLAINT

1   required by California wage-and-hour laws.

2      26.    In light of the foregoing, Employees bring this action pursuant to, inter alia, <u>Labor</u>

3   <u>Code §§ 201, 202, 203, 204, 210, 212, 213, 218.5, 222.5, 224, 226, 226.3, 226.7, 227.3, 245 *et*</u>

4   <u>*seq*., 246,  510, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199,</u>

5   <u>2698, 2699, *et seq.* 2751, 2802, 2810.5.</u>

6      27.    Furthermore, pursuant to <u>Business and Professions Code §§ 17200-17208</u>,

7   Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have

8   enjoyed from their violations of <u>Labor Code</u>.

9                          **CLASS ALLEGATIONS**

10     28.    Plaintiff brings this class action on behalf of himself an all others similarly situated

11  pursuant to <u>Code of Civil Procedure § 382</u>. Plaintiff seeks to represent a class defined as follows:

12  all individuals employed by Defendants, at any time within four (4) years of the filing of this

13  lawsuit, and have been employed by Defendants within the State of California.

14     29.    Further, plaintiff seeks to represent the following Subclasses composed of and

15  defined as follows:

16     a.    <u>Subclass 1. Minimum Wages Subclass</u>. All Class members who were not

17  compensated for all hours worked for Defendants at the applicable minimum wage.

18     b.    <u>Subclass 2. Wages and Overtime Subclass</u>. All Class members who were not

19  compensated for all hours worked for Defendants at the required rates of pay, including for all

20  hours worked in excess of eight in a day and/or forty in a week.

21     c.    <u>Subclass 3. Vacation Wages Subclass</u>. All Class members who were not

22  compensated at the Employee's regular rate of pay for their vacation wages.

23     d.    <u>Subclass 4. Sick Pay Subclass</u>. All Class members who were not compensated at

24  the Employee's regular rate of pay for their sick pay wages.

25     e.    <u>Subclass 5. Meal Period Subclass</u>. All Class members who were subject to

26  Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty

27  free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

28     f.    <u>Subclass 6.  Rest Break Subclass</u>.  All Class members who were subject to

- 10 -

**FIRST AMENDED COMPLAINT**

Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

      g.    <u>Subclass 7.  Payroll Records Subclass</u>.  All Class members who were subject to Defendants' policy and/or practice of failing to keep accurate time and wage records as required by California wage-and-hour laws.

      h.    <u>Subclass 8. Unauthorized Deductions from Wages Subclass</u>. All Class members who were subject to Defendants' policy and/or practice of unlawfully collecting or receiving wages from Employees by implementing a policy of payment of Employees' wages using a Rapid PayCard that resulted in Employees incurring fees to receive their wages.

      i.    <u>Subclass 9. Wage Statement Subclass</u>. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

      j.    <u>Subclass 10. Failure to Reimburse for Necessary Business Expenditures</u>. All Class members  who were subject to Defendants failing to reimburse for expenses necessarily incurred in the performance of Employees job duties for Defendants  which were necessary to perform their duties under Defendants' employ.

      k.    <u>Subclass 11. Termination Pay Subclass</u>. All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

      L.    <u>Subclass 12. UCL Subclass</u>. All Class members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

      30.    Plaintiff reserves the right under <u>California Rule of Court 3.765</u> to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

      31.    This action has been brought and may properly be maintained as a class action under the provisions of <u>Code of Civil Procedure § 382</u> because there is a well-defined community

of interest in litigation and proposed class is easily ascertainable.

**A.    Numerosity**

32.    The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiff is informed and believes that Defendants employ or, during the time period relevant to this lawsuit, employed more than 100 individuals were employed by Defendant's within the State of California.

33.    Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all class members.

**B.    Commonality**

34.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact include:

a.    Whether Defendants failed to pay Employees minimum wages;

b.    Whether Defendants failed to pay Employees wages for all hours worked;

c.    Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

d.    Whether Defendants failed to pay Employees vacation wages as required under Labor Code § 227.3;

e.    Whether Defendants failed to pay Employees sick pay as required under Labor Code § 245;

f.    Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

g.    Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest breaks or premium pay in lieu thereof;

FIRST AMENDED COMPLAINT

1        h.      Whether Defendants violated <u>Labor Code § 2751</u>;

2        i.      Whether Defendants violated <u>Labor Code § 226(a)</u>;

3        j.      Whether Defendants violated <u>Labor Code §§ 221 and 224</u>;

4        k.      Whether Defendants violated <u>Labor Code §§ 1174 and 1174.5</u>;

5        l.      Whether Defendants failed to reimburse Employees for necessary business

6 expenses;

7        m.      Whether Defendants violated <u>Labor Code §§ 201, 202, and 203</u> by failing to pay

8                 wages and compensation due and owing at the time of termination of employment;

9        n.      Whether Defendants violated <u>Business and Professions Code § 17200 et seq.</u>; and

10        o.      Whether Employees are entitled to equitable relief pursuant to <u>Business and</u>

11                 <u>Professions Code § 17200 et seq.</u>;

12        p.      Whether Defendants are liable for penalties under <u>Labor Code § 2699, *et seq*</u>.

13        **C.**      **Typicality**

14        35.      The claims of the named plaintiff are typical of those of the other Employees.

15 Employees all sustained injuries and damages arising out of and caused by Defendant's common

16 course of conducts in violation of statutes, as well as regulations that have the force and effect of

17 law, as alleged herein.

18        **D.**      **Adequacy of Representation**

19        36.      Plaintiff will fairly and adequately represent and protect the interest of Employees.

20 Counsel who represents Employees are experienced and competent in litigating employment class

21 actions.

22        **E.**      **Superiority of Class Action**

23        37.      A class action is superior to other available means for the fair and efficient

24 adjudication of this controversy. Individual joinder of all Employees is not practicable, and

25 questions of law and fact common to all Employees predominate over any questions affecting only

26 individual Employees. Each Employee has been damaged and is entitled to recovery by reason of

27 Defendants' illegal policies or practices of failing to compensate Employees properly.

28        38.      Class action treatment will allow those persons similarly situated to litigate their

FIRST AMENDED COMPLAINT

1   claims in the manner that is most efficient and economical for the parties and the judicial system.

2   Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

3                                    **FIRST CAUSE OF ACTION**

4                                **FAILURE TO PAY MINIMUM WAGES**

5                                   **(Against All Defendants)**

6          39.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

7   full herein.

8          40.     Defendants failed to pay Employees minimum wages for all hours worked.

9   Defendants had a consistent policy of misstating Employees time records and failing to pay

10  Employees for all hours worked. Employees would work hours and not receive wages, including

11  as alleged above in connection with working during meal breaks, time off the clock Employees

12  without compensation by attending trainings, taking drug tests, answering phone calls from

13  Defendants' employees and supervisors, and Defendants' policy of requiring the Employees to

14  keep their radios on throughout their meal and rest breaks to respond to any emergencies or other

15  situations that needed to be addressed.  Additionally, Defendants had a consistent policy of

16  failing to pay Employees for hours worked during alleged meal periods for which Employees

17  were consistently denied, as also addressed herein. Moreover, Defendants did not pay Plaintiff

18  and Employees at the applicable minimum wage for all hours worked. Defendants' uniform

19  pattern of unlawful wage and hour practices manifested, without limitation, applicable to the

20  Class as a whole, as a result of implementing a uniform policy and practice that denied accurate

21  compensation to Plaintiff and the other members of the Class as to minimum wage pay.

22         41.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage"

23  states:

24              The minimum wage for employees fixed by the commission is the
                minimum wage to be paid to employees, and the payment of a less
25              wage than the minimum so fixed is unlawful.

26         42.     The applicable minimum wages fixed by the commission for work during the

27  relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are

28  therefore entitled to double the minimum wage during the relevant period.

43.     The minimum wage provisions of <u>California Labor Code</u> are enforceable by private civil action pursuant to <u>California Labor Code § 1194(a)</u> which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

44.     As described in <u>California Labor Code §§ 1185 and 1194.2</u>, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

45.     <u>California Labor Code § 1194.2</u> also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

46.     Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

47.     Wherefore, Employees are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to <u>California Labor Code § 1194(a)</u>.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME UNDER <u>LABOR CODE § 510</u>**

**(Against All Defendants)**

48.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

49.     By their conduct, as set forth herein, Defendants violated California <u>Labor Code § 510</u> (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked

on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked including time off the clock Employees spent without compensation by attending trainings, taking drug tests, answering phone calls from Defendants' employees and supervisors, and Defendants' policy of requiring the Employees to keep their radios on throughout their meal and rest breaks to respond to any emergencies or other situations that needed to be addressed. Employees regularly worked over 8 hours on a given day without receiving overtime compensation.

50.    Furthermore, on information and belief, Defendants did not pay Plaintiffs and Employees the correct overtime rate for the recorded overtime hours that they generated.  In addition to an hourly wage, Defendants paid Plaintiffs and Employees shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate.

51.    Therefore, during times when Plaintiffs and Employees worked overtime and received shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

52.    Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

53.    Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

54.     Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7

#### (Against All Defendants)

55.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

56.     Employees regularly worked shifts greater than five (5) hours and greater than ten (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

57.     Defendants failed to provide Employees with meal periods as required under the Labor Code. Employees were consistently required to work through their meal periods which they were consistently denied. Employees were also required to take meal periods after working well beyond the five (5) hour shifts. Furthermore, Employees were regularly required to work for more than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal period as required by law.

58.     Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate the Employees in the Class for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order. Additionally, as detailed above, when Defendants did

FIRST AMENDED COMPLAINT

1    pay meal period premiums, they did so at the normal regular rate of pay without factoring in all

2    forms or remuneration/compensation or by otherwise incorrectly calculating the regular rate.

3           59.     Therefore, pursuant to <u>Labor Code § 226.7</u>, Employees are entitled to damages in

4    an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal

5    period not provided or deficiently provided, a sum to be proven at trial.

6    **FOURTH CAUSE OF ACTION**

7    **REST-BREAK LIABILITY UNDER <u>LABOR CODE § 226.7</u>**

8    **(Against All Defendants)**

9           60.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

10   full herein.

11          61.     Employees consistently worked consecutive four (4) hour shifts. Pursuant to the

12   <u>Labor Code</u> and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of

13   not less than ten (10) minutes for each consecutive four (4) hour shift.

14          62.     Defendants failed to provide Employees with timely rest breaks of not less than ten

15   (10) minutes for each consecutive four (4) hour shift.

16          63.     Moreover, Defendants failed to compensate Employees for each rest period not

17   provided or inadequately provided, as required under <u>Labor Code § 226.7</u> and the applicable IWC

18   Wage Orders, which provide that, if an employer fails to provide an employee a rest period in

19   accordance with this section, the employer shall pay the employee one hour of pay at the

20   employee's regular rate of compensation for each workday that the rest period is not provided.

21   Defendants failed to compensate the Employees in the Class for each rest period not provided or

22   inadequately provided, as required under <u>Labor Code § 226.7</u> and the applicable IWC Wage

23   Order. Additionally, as detailed above, when Defendants did pay rest period premiums, they did

24   so at the normal regular rate of pay without factoring in all forms or remuneration/compensation

25   or by otherwise incorrectly calculating the regular rate.

26          64.     Therefore, pursuant to <u>Labor Code § 226.7</u>, Employees are entitled to damages in

27   an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day

28   worked without the required rest breaks, a sum to be proven at trial.

FIRST AMENDED COMPLAINT

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY VACATION WAGES**

**(Against All Defendants)**

65.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

66.     Pursuant to California Labor Code § 227.3, whenever a contract of employment or employment policy provides for paid vacation and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with said contract of employment or policy respecting eligibility or time served.

67.     Defendants paid shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses to Employees but Defendants failed to include these forms of remuneration in the regular rate of pay upon which vacation wages were calculated and paid.

68.     Therefore, pursuant to, Plaintiff and Employees seek to recover penalties pursuant to Labor Code § 227.3.

**SIXTH CAUSE OF ACTION**

**FAILURE TO COMPLY WITH LABOR CODE §§ 245 *ET SEQ.* AND 246**

**(Against All Defendants)**

69.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

70.     California Labor Code § 245 *et seq*. requires that Defendants provide paid sick time to Employees, including at the amount, terms, and rate of compensation set forth in said law. At times relevant, Defendants have failed compute the amount due for paid sick time in conformance with the pay calculation under California Labor Code § 246(l).

71.     Defendants paid shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses to Employees but Defendants failed to include these forms of remuneration in the regular rate of pay upon which sick pay was calculated and paid. Rather than calculating the amount of paid sick time due when sick time is used according to the requirements set forth in California Labor Code § 246(1), Defendants paid sick leave to Employees at a lower

1  rate, in violation of the law.

2      72.    Therefore, Plaintiff and Employees seek to recover penalties pursuant to <u>Labor</u>

3  <u>Code § 245 *et seq. and* §§ 245 *et seq.* and 246</u>.

4  **SEVENTH CAUSE OF ACTION**

5  **FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES**

6  **IN VIOLATION OF <u>LABOR CODE § 2802</u>**

7  **(Against All Defendants)**

8      73.    Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

9  full herein.

10     74.    Under <u>Labor Code § 2802(a)</u> an employer must indemnify its employees for all

11 necessary expenditures or losses incurred by the employee in direct consequence of the discharge

12 of his or her duties, or of his or her obedience to the directions of the employer.

13     75.    Employees incurred necessary expenditures in the performance of their job duties

14 for Defendants, namely the cost of cell phone usage,  costs for vehicle maintenance, mileage, and

15 fuel, uniform maintenance which were necessary to perform their duties under Defendants'

16 employ. From four (4) years prior to the original filing of this lawsuit and continuing to the

17 present, Defendants consistently failed to reimburse Employees for these necessarily incurred

18 business expenses. costs for vehicle maintenance, mileage, and fuel, uniform maintenance

19     76.    As a result of the unlawful acts of Defendants, Employees have been deprived of

20 reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts,

21 plus interest and penalties thereon, attorneys' fees, and costs.

22 **EIGHTH CAUSE OF ACTION**

23 **VIOLATION OF <u>LABOR CODE § 226(a)</u>**

24 **(Against All Defendants)**

25     77.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

26 full herein.

27     78.    California <u>Labor Code § 226(a)</u> requires an employer to furnish each of his or her

28 employees with an accurate, itemized statement in writing showing the gross and net earnings,

total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

79.    Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Employees, by Defendants, failed to include the above requirements enumerated above. Employees' wage statements did not include: the total hours worked in violation of Labor Code § 226(a)(2) and failed to accurately set forth all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each such rate in violation of Labor Code §  226 (a)(9). The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct and potentially resulting in a miscalculation by the Employees. Additionally, Specifically, Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees. Moreover, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, and automatically deducted wages for alleged meal periods, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove. The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct and potentially resulting in a miscalculation by the Employees.

80.    As a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact

1    compensated them correctly for all hours worked.

2         81.    Pursuant to Labor Code §§ 226(a) and 226(e), Employees are entitled to recover

3    the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

4    occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

5    exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an

6    award of costs and reasonable attorneys' fees.

7         82.    With respect to violations of Labor Code § 226, Labor Code § 226.3 imposes a

8    civil penalty of two hundred and fifty dollars ($250) for initial violations for each employee for

9    each pay period, and one thousand dollars ($1000) for each subsequent violation for each

10   employee for each pay period.

11        83.    Plaintiff is seeking penalties against Defendants under Labor Code § 226.3, and

12   any other applicable statute allowing recovery of penalties as alleged herein in an amount to be

13   shown according to proof.

14                              **NINTH CAUSE OF ACTION**

15                     **VIOLATION OF LABOR CODE §§ 221 and 224**

16                              **(Against All Defendants)**

17        84.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

18   full herein.

19        85.    Labor Code § 221 provides, "It shall be unlawful for any employer to collect or

20   receive from an employee any part of wages theretofore paid by said employer to said employee."

21        86.    Defendants unlawfully received and/or collected wages from Plaintiff and

22   Employees by implementing a policy of payment of Employees' wages using a Rapid PayCard

23   that resulted in Employees incurring fees to receive their wages.

24        87.    Defendants also violated Labor Code § 224, which prohibits Defendants' charging

25   of fees to its employees to receive their payment of wages from Defendants' clients.

26        88.    As a direct and proximate cause of the unauthorized deductions, Employees have

27   been damaged, in an amount to be determined at trial.

28   ///

**TENTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS UNDER <u>LABOR CODE §§ 1174</u>**

**<u>AND 1174.5</u>**

**(Against All Defendants)**

89.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

90.     California <u>Labor Code § 1174</u> requires that all employers shall keep accurate time and wage records for all employees. California <u>Labor Code § 1174.5</u> further requires that any employee suffering injury due to a willful violation of the aforementioned obligations may seek damages, including civil penalties, from the employer.

91.     During the course of Plaintiff's and Employees' employment, Defendants consistently failed to maintain accurate time and wage records for Plaintiff and Employees as required by <u>California Labor Code § 1174 by failing to</u> pay Plaintiff and Employees proper wages, overtime, and premium pay as discussed above.

92.     Accordingly, Defendants are liable for civil penalties pursuant to the California <u>Labor Code §§ 1174.5.</u> for the three (3) years prior to the filing of this Complaint.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE § 203</u>**

**(Against All Defendants)**

93.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

94.     Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

95.     Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

96.     The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

97.     Defendants' failure to pay wages, as alleged above, was willful in that Defendants

- 23 -

1    knew wages to be due but failed to pay them; this violation entitles these Employees to penalties

2    under <u>Labor Code § 203</u>, which provides that an employee's wages shall continue until paid for up

3    to thirty (30) days from the date they were due.

**TWELFTH CAUSE OF ACTION**

**VIOLATION OF <u>BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.</u>**

**(Against All Defendants)**

7        98.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

8    full herein.

9        99.    Plaintiff, on behalf of herself, Employees, and the general public, brings this claim

10    pursuant to <u>Business & Professions Code § 17200 et seq</u>. The conduct of Defendants as alleged in

11    this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the

12    general public. Plaintiff seeks to enforce important rights affecting the public interest within the

13    meaning of <u>Code of Civil Procedure</u>

14    <u>§ 1021.5</u>.

15        100.    Plaintiff is a "person" within the meaning of <u>Business & Professions Code</u>

16    <u>§ 17204</u>, has suffered injury, and therefore has standing to bring this cause of action for injunctive

17    relief, restitution, and other appropriate equitable relief.

18        101.    <u>Business & Professions Code § 17200 et seq.</u> prohibits unlawful and unfair

19    business practices.

20        102.    Wage-and-hour laws express fundamental public policies. Paying employees their

21    wages and overtime, providing them with meal and rest periods, etc., are fundamental public

22    policies of California. <u>Labor Code § 90.5(a)</u> articulates the public policies of this State vigorously

23    to enforce minimum labor standards, to ensure that employees are not required or permitted to

24    work under substandard and unlawful conditions, and to protect law-abiding employers and their

25    employees from competitors who lower costs to themselves by failing to comply with minimum

26    labor standards.

27        103.    Defendants have violated statutes and public policies. Through the conduct alleged

28    in this Complaint Defendants have acted contrary to these public policies, have violated specific

- 24 -

FIRST AMENDED COMPLAINT

provisions of the <u>Labor Code</u>, and have engaged in other unlawful and unfair business practices in violation of <u>Business & Professions Code § 17200 et seq.</u>; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

104.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the <u>Business & Professions Code § 17200 et seq.</u>

105.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal and rest periods, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the <u>Business & Professions Code § 17200 et seq.</u>

106.    As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

107.    Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

## THIRTEENTH CAUSE OF ACTION

## PENALTIES PURSUANT TO <u>LABOR CODE § 2699, ET SEQ.</u>

### (Against All Defendants)

108.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

109.    Plaintiff and Employees are aggrieved employees as defined under <u>Labor Code § 2699(c)</u> in that they suffered the violations alleged in this Complaint and were employed by the alleged violators, Defendants.

110.    Plaintiff seeks wages and penalties under <u>Labor Code §§ 2698 and 2699</u> for

Defendants' violation of all Labor Code provisions included under <u>Labor Code § 2699.5</u> and includes the penalty provisions, without limitation, based on the following <u>California Labor Code §§: 201, 202, 203, 204, 210, 212, 213, 218.5, 222.5, 224, 226, 226.3, 226.7, 227.3, 245 et seq., 246, 510, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, 2699, et seq. 2751, 2802, 2810.5.</u>

111.    The penalties shall be allocated as follows: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to the affected employee.

112.    Employees also seek any and all penalties and remedies set forth in Labor Code § 558, which states:

(a)    Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

(b)    If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c)    The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

113.    <u>Labor Code § 226.3</u> provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee

1    for each violation in a subsequent citation, for which the employer fails to provide the employee a

2    wage deduction statement or fails to keep the required in subdivision (a) of Section 226." To the

3    extent that <u>Labor Code § 226.3</u> applies, Plaintiff and Employees also seeks such penalties on.

4        114.    Plaintiff has exhausted his administrative remedy by sending a certified letter to the

5    LWDA and Defendants postmarked on March 9, 2022. The LWDA has not provided notice of its

6    intent to investigate the alleged violations within 65 calendar days of the postmark date of the

7    letter.

8                                    **RELIEF REQUESTED**

9    WHEREFORE, Plaintiff prays for the following relief:

10        1.    For an order certifying this action as a class action;

11        2.    For compensatory damages in the amount of the unpaid minimum wages for work

12    performed by Employees and unpaid overtime compensation from at least four (4) years prior to

13    the filing of this action, as may be proven;

14        3.    For liquidated damages in the amount equal to the unpaid minimum wage and

15    interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

16        4.    For compensatory damages in the amount of the hourly wage made by Employees

17    for each missed or deficient meal period where no premium pay was paid therefor from four (4)

18    years prior to the filing of this action, as may be proven;

19        5.    For compensatory damages in the amount of the hourly wage made by Employees

20    for each day requisite rest breaks were not provided or were deficiently provided where no

21    premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may

22    be proven;

23        6.    For penalties pursuant to <u>Labor Code § 226(e)</u> for Employees, as may be proven;

24        7.    For penalties pursuant to <u>Labor Code § 226.3</u>, as may be proven;

25        8.    For restitution and/or damages for all amounts unlawfully withheld from the wages

26    for all class members in violation of <u>Labor Code §§ 221 and 224</u>, as may be proven;

27        9.    For penalties pursuant to <u>Labor Code § 203</u> for all Employees who quit or were

28    fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

10.     For penalties pursuant to Labor Code § 227.3, as may be proven;

11.     For penalties pursuant to Labor Code §§ 245 and 246, as may be proven;

12.     For penalties pursuant to Labor Code § 1174.5, as may be proven;

13.     For restitution for unfair competition pursuant to Business & Professions Code § 17200 et seq., including disgorgement or profits, as may be proven;

14.     For penalties pursuant to Labor Code § 2699, *et seq.*, as may be proven;

15.     For compensatory damages in the amount of all previously unreimbursed business expenditures necessarily incurred by Employees in the discharge of their job duties for Defendants from four (4) years prior to the original filing of this action, as may be proven;

16.     For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

17.     For all general, special, and incidental damages as may be proven;

18.     For an award of pre-judgment and post-judgment interest;

19.     For an award providing for the payment of the costs of this suit;

20.     For an award of attorneys' fees; and

21.     For such other and further relief as this Court may deem proper and just.

DATED:  June 30, 2022                    DAVID YEREMIAN & ASSOCIATES, INC.

By _____
David Yeremian
Roman Shkodnik
Attorneys for Plaintiff
ROBERT MCCOMMON
and the putative class

FIRST AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

      Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4    DATED: June 30, 2022            DAVID YEREMIAN & ASSOCIATES, INC.

5

6                            By

7                              David Yeremian
                              Roman Shkodnik

8                              Attorneys for Plaintiff
                              ROBERT MCCOMMON
                              and the putative class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT