UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McCOMMON, | No. 2:22-cv-00728 DC AC |
| Plaintiff, | |
| v. | ORDER |
| CARLISLE CONSTRUCTION MATERIALS LLC, et al., | |
| Defendants. | |

This matter is before the court on plaintiff's motion to compel discovery and for sanctions. ECF No. 34. Plaintiff filed the motion to compel without a joint statement pursuant to Local Rule 251(e)(1), on the grounds that defendants have failed to provide any responses to plaintiff's Requests for Production of Documents, Set One. The matter was ordered to be heard on the papers. ECF No. 35.

**I.  Relevant Background**

This putative wage and hour class action was removed from state court on April 27, 2022. ECF No. 1. The operative First Amended Complaint was filed June 30, 2022. ECF No. 10. After multiple stipulated extensions of time, defendants filed their answer on October 14, 2022. ECF No. 20. On March 21, 2023, plaintiff moved to compel responses to his Requests for Production of Documents, Set One. ECF No. 25. That motion was denied without prejudice for

failure to meet and confer. ECF No. 27. On July 17, 2023, the court signed the parties' stipulation to continue the discovery cutoff to October 14, 2024. ECF No. 29. On December 19, 2023, the court signed a second stipulation to continue the discovery cutoff to April 21, 2025, pending a post-mediation status conference. ECF No. 32. The stipulation reads in its entirety, "Pursuant to the stipulation of the parties, the non-expert discovery cut-off is hereby continued to April 21, 2025." Id. at 2.

## II.     Motion

Plaintiff filed this motion to compel responses to his Requests for Production of Documents, Set One, on September 12, 2024. ECF No. 34. The court set the matter to be heard on the papers, without oral argument, pursuant to Local Rule 230(g). ECF No. 35. Defendants did not respond to the motion. On October 7, 2024, the undersigned ordered defendants to show cause why their failure to respond should not be construed as a statement of non-opposition and why sanctions should not issue. ECF No. 38. On October 21, 2024, defendants submitted their opposition. ECF No. 40.

## III.     Analysis

### A. Requests for Production

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under Rule 34(a), a party may request any other party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" designated documents, electronically stored information, or tangible things within that party's possession, custody, or control. Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "It is well established that a failure to object to discovery requests within the

time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

It is undisputed in this case that defendants have not responded to plaintiff's requests for production. Plaintiff submitted the necessary information regarding his attempts to meet and confer with defendants. ECF No. 34 at 54. Defendants' only explanation of their total failure to respond to the request for production is the assertion that the parties "reached an agreement to focus efforts on mediation" and that they "initially agreed to stay discovery" to pursue mediation efforts. ECF No. 40 at 1-2. Defense counsel should be well aware that while parties may make any agreements they wish outside of court, such agreements are generally not enforceable by the court. The undersigned will not enforce an unwritten and unapproved stipulation to stay discovery. The parties have filed stipulations to extend discovery deadlines in this case, and the latest stipulation signed by the District Judge contains no mention of a discovery stay. ECF No. 32. Defendants' argument is meritless.[1]

Defendants have failed to show any good cause as to why they have failed to respond to plaintiff's requests for production. Thus, the motion to compel will be GRANTED and defendants must produce all responsive, non-privileged documents within 14 days of this order, without objection. All objections have been waived by the failure to respond. The court understands that discovery in this case may require a protective order regarding the use of documents containing certain confidential or protected information. The parties will therefore be ordered to submit a stipulated protective order for the court's signature, or a joint statement explaining why a stipulation cannot be reached, within 10 days of this order.

B. Sanctions

Plaintiff seeks sanctions pursuant to Fed. R. Civ. P 37. ECF No. 34-1 at 4; Hilao v. Estate of Marcos, 103 F.3d 762, 764-765 (9th Cir. 1996) (finding that a party who fails to respond at all

---

[1] Defendants also state in a footnote that the motion to compel was improperly filed without a joint statement as required by Local Rule 251. ECF No. 40 at n.3. As the court noted in its order to show cause and as is noted in the motion itself, plaintiff filed the motion pursuant to Local Rule 251(e), which provides an exception from the joint statement requirement where, as here, "there has been a complete and total failure to respond to a discovery request or order[.]"

3

to interrogatories or requests for production is subject to sanctions). There is no requirement that failure to respond be willful before sanctions may be imposed. Lew v. Kona Hosp., 754 F.2d 1420, 1426 (9th Cir. 1985) ("Even a negligent failure to allow reasonable discovery may be punished."). Here, the court finds sanctions are appropriate in the amount of $500.00, payable to the court by defense counsel and not charged to defendants. Defense counsel's failure to abide by deadlines and respond to routine discovery is unacceptable.

Plaintiff also seeks a fee award. A party who prevails on a motion to compel is entitled to its expenses, including reasonable attorney fees, unless the losing party was substantially justified in opposing the motion or other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5). A fee award is appropriate here; defendants were not substantially justified in their discovery failures. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rate claimed." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007). Recovery should not exceed the expenses and fees that were reasonably necessary to resist the offending action. Id. at 1185. Under the "lodestar" approach for assessing reasonable attorney's fees, the number of hours reasonably expended is multiplied by a reasonable hourly rate. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). A reasonable hourly rate is determined by identifying the relevant legal community (the forum where the district court sites) and the prevailing market rate in that community for similar services by lawyers of reasonably comparable skill. Id. at 979-81.

Plaintiff submits he is entitled to $5,000 in attorneys fees, submitting a declaration that counsel is entitled to $2,500 for the 4 hours spent to research and draft the motion, and that he is also entitled to additional fees for "4 hours in anticipation of any Reply papers" and for preparing for and attending any hearing on this matter, billed at the "reasonable rate of $625 per hour." ECF No. 34-1 at 4. Because there was never a hearing on this matter and a reply was not required, there is no entitlement to the second $2,500. As to the first four hours, the court finds the number of hours reasonable but the requested unjustified. Plaintiff does not submit any explanation for the rate whatsoever.

In general, the "relevant community" for purposes of determining the prevailing market rate is the "forum in which the district court sits." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008).  A recent case in the Eastern Districts found that a "comprehensive survey of fees awarded in the Eastern District[,] . . . the current hourly rates range from $200 to $750, with rates exceeding $600 reserved for attorneys who have practiced approximately 30 years." Olguin v. FCA US LLC, No. 1:21-CV-1789 JLT CDB, 2024 WL 4012103, at *7 (E.D. Cal. Aug. 30, 2024).  Because plaintiff did not provide the necessary information for the court to determine the appropriate rate, the court will award fees at the rate of $200 per hour, for a total fee award of $800.

### IV.     Conclusion

For the reasons explained above, it is hereby ordered as follows:

a. Plaintiff's motion to compel (ECF No. 34) is GRANTED and defendants must produce all responsive, non-privileged documents within 14 days of this order;

b. The parties are ORDERED to submit a stipulated protective order for the courts signature, or a joint statement explaining why a stipulation cannot be submitted, within 10 days of this order;

c. Defense Counsel is ORDERED to pay sanctions to the court in the amount of $500.00 within 4 days of this order.  Sanctions must be paid by defense counsel and may not be charged to their clients; and

d. Defendants are ORDERED to pay plaintiff $800.00 in attorney's fees within 5 days of the order.

IT IS SO ORDERED.

DATED: October 23, 2023

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE