UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCOMMON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARLISLE CONSTRUCTION MATERIALS, LLC, a Delaware limited liability company; CARLISLE COMPANIES INCORPORATED, an entity of unknown form; and DOES 1 through 50, inclusive,<br><br>Defendants. | No.  2:22-cv-00728 DC AC<br><br><br>ORDER |

This case is before the undersigned on plaintiff's motion to compel and motion for sanctions.  ECF No. 47.  The discovery motion is before the undersigned pursuant to E.D. Cal. R. ("Local Rule") 302(c)(1).  Plaintiff filed the motion pursuant to Rule 34 of the Federal Rules of Civil Procedure, and without a joint statement pursuant to Local Rule 251(e)(1) on the grounds that defendants have failed to provide responses to Plaintiff's Requests for Production of Documents, Set One.  The motion was set to be heard on the papers April 23, 2025.  Defendants did not respond.

1

This is not the first order to show cause the court has issued regarding defense counsel's failure to file an opposition to a discovery motion. Plaintiff brought an initial motion to compel, also without a joint statement due to defendants' total failure to respond to discovery, on September 12, 2024. ECF No. 34. Defendants did not respond to the motion, and the court issued an order to show cause. ECF No. 38. Defendants responded to the order to show cause (ECF No. 40), and the court granted the motion to compel defendants' responses to discovery. ECF No. 41. The court issued monetary sanctions against defense counsel. Id. The discovery motion now before the court, to which defendants have not responded, asserts that defendants have failed to comply with the court's prior order and have produced no responses at all to the discovery requests which were the subject of the previous motion to compel. ECF No. 47 at 7.

It is very unusual for the court to encounter a situation in which a party represented by counsel not only completely fails to participate in discovery in the first instance, but also fails to respond to a motion to compel discovery, then fails to comply with the order issued compelling production, and *then* fails to respond to a *second* motion to compel discovery which seeks to enforce the initial court order. It is particularly disturbing for defendants to fail to participate in discovery after counsel has already been sanctioned once for failure to participate. Such behavior is costly not only to the opposing party but to this highly impacted federal court, which should not be spending valuable time and resources repeatedly reminding counsel of the basic proposition that participation in the discovery process is not optional. The court is therefore considering significant sanctions.

Good cause appearing, IT IS HEREBY ORDERED that defendants shall show cause, in writing, within 14 days, why their failure to respond to the pending motion and their repeated failure to participate in discovery should not result in significant monetary sanctions.

IT IS SO ORDRED.

DATED: April 28, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE