UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McCOMMON, | No. 2:22-cv-00728 DC AC |
| Plaintiff, | |
| v. | ORDER |
| CARLISLE CONSTRUCTION MATERIALS LLC, et al., | |
| Defendants. | |

This matter is before the court pursuant to E.D. Cal. R. ("Local Rule") 302(c)(1), on plaintiff's fourth motion to compel discovery and for sanctions. ECF No. 52. In light of the impending discovery deadline and defendants' history of failing to participate in discovery in this case, hearing on the motion was advanced to June 11, 2025. ECF No. 53. The parties appeared before the undersigned via Zoom, with Emma E. Geesaman appearing on behalf of plaintiff and Sara A. Moore appearing on behalf of defendants. For the reasons set forth below, the motion is GRANTED.

**I.   Relevant Background**

This putative wage and hour class action was removed from state court on April 27, 2022. ECF No. 1. The operative First Amended Complaint was filed June 30, 2022. ECF No. 10. After multiple stipulated extensions of time, defendants filed their answer on October 14, 2022. ECF No. 20. On March 21, 2023, plaintiff moved to compel responses to his Requests for

1

1  Production of Documents, Set One.  ECF No. 25.  Pursuant to the Federal Rules, the responses
2  were due on February 17, 2023.  ECF No. 25 at 4.  That motion was denied without prejudice for
3  failure to meet and confer.  ECF No. 27.  On July 17, 2023, the court signed the parties'
4  stipulation to continue the discovery cutoff to October 14, 2024.  ECF No. 29.  On December 19,
5  2023, the court signed a second stipulation to continue the discovery cutoff to April 21, 2025,
6  pending a post-mediation status conference.  ECF No. 32.  The stipulation reads in its entirety,
7  "Pursuant to the stipulation of the parties, the non-expert discovery cut-off is hereby continued to
8  April 21, 2025."  Id. at 2.

9        Plaintiff brought a second motion to compel, without a joint statement pursuant to Local
10  Rule 302(c)(1) due to defendants' total failure to respond to discovery, on September 12, 2024.
11  ECF No. 34.  Defendants did not respond to the motion, and the court issued an order to show
12  cause.  No. 38.  Defendants responded to the order to show cause stating their failure to
13  participate in production was due to pending settlement negotiations.  ECF No. 40.  In granting
14  the motion to compel, the court explained that this was an inadequate response and that "counsel
15  should be well aware that while parties may make any agreements they wish outside of court,
16  such agreements are generally not enforceable by the court" and that discovery is expected to
17  proceed apace during any settlement negotiations in the absence of a court order staying
18  discovery.  ECF No. 41 at 3.  The court awarded plaintiff attorneys fees and sanctioned defense
19  counsel $500.  Id. at 5.  The court found that any objections had been waived and ordered
20  defendants to "produce all responsive, non-privileged documents within 14 days of this order."
21  Id.

22        In January of 2025, the district judge accepted the parties' stipulation to extend the
23  discovery deadline to July 21, 2025.  ECF No. 46.  Plaintiff filed a third motion to compel on
24  April 4, 2025.  ECF No. 47.  In this motion, plaintiff asserted that defendants had not produced
25  any documents.  ECF No. 47-1 at 4, ¶14.  Defendants failed to respond to the motion.  The court
26  issued a second order to show cause, in which it explained that "[i]t is very unusual for the court
27  to encounter a situation in which a party represented by counsel not only completely fails to
28  participate in discovery in the first instance, but also fails to respond to a motion to compel

discovery, then fails to comply with the order issued compelling production, and *then* fails to respond to a *second* motion to compel discovery which seeks to enforce the initial court order. It is particularly disturbing for defendants to fail to participate in discovery after counsel has already been sanctioned once for failure to participate." ECF No. 49 at 2. The court explained that this behavior may lead to "significant sanctions" on defense counsel. Id. On May 12, 2025, Ms. Moore submitted a declaration in response to the order to show cause, stating that the failure to comply with discovery obligations was due to unexpected personal health issues (ECF No. 50 at 2, ¶ 3), changes in associates handling the matter (Id. at ¶ 4), and calendaring errors (Id. at ¶ 5). Ms. Moore requested a deadline of 10 days for defendants "to immediately and fully respond to all pending discovery and proceed expeditiously with the litigation without further delay." Id. at ¶ 7.

Taking Ms. Moore at her word, the court issued a minute order discharging the order to show cause and giving Ms. Moore her requested 10 days to "fully and completely respond" to discovery, without issuing any additional sanctions. ECF No. 51. The court did warn Ms. Moore that any future failure to comply with discovery obligations would result in the imposition of monetary sanctions. Id. The 10 day deadline passed on May 23, 2025.

## II.     Motion

On June 4, 2025, plaintiff filed the instant motion to compel, attaching the written discovery responses they received from defendants, which are replete with objections and statements that documents will be forthcoming at some unspecified point in the future. ECF No. 52-8. Plaintiff's counsel Roman Shkodnik submitted a statement stating that he reached out to Ms. Moore on May 28, 2025 to request her availability to meet and confer regarding defendants' deficient responses, and Ms. Moore never responded. ECF No. 52-1 at 5. Plaintiff's counsel stated that as of June 3, 2025, defendants "have not produced any documents and have failed to comply with the Court's orders." Id. The motion was set for hearing on June 18, 2025. ECF No. 52. Given defendants' history in this litigation, the court advanced the hearing date June 11, 2025, and ordered defendants to respond to the motion by June 9, 2025. ECF No. 53. Defendants opposed the motion (ECF No. 54), and the parties appeared before the court on June 11, 2025.

### III.   Discussion

A. Compelled Production of Documents

The discovery disputes in this case have never presented any legal questions. This case has been before the undersigned four times and has necessitated two orders to show cause for one reason only: defendants' abject failure to participate in discovery and to respond to the motions necessitated by their failure to meet their discovery obligations. Defendants' objections have already been deemed waived and overruled. ECF No. 41, 51. The court confirms here again that all of defendants' objections are waived and overruled.

The court confirmed at the hearing on the motion that, despite objecting on the basis of privilege, defendants have never submitted a privilege log specifying what purportedly privileged documents exist and are being withheld. Privilege can be waived where a party fails to produce a privilege log within 30 days of a request for production. Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005). In Burlington, the 9th Circuit found that a privilege log produced 5 months late was fairly egregious – here, it's been over *two years* since the requests for production were issued and just under eight months since the order compelling production. The undersigned finds that defendants have waived all objections based on privilege and/or work product doctrine. To be abundantly clear: the court finds that defendants must produce **all** responsive documents and submit sufficient answers to discovery requests. Defendants may raise no objections, and they may withhold nothing. While defendants may have had legitimate objections and/or claims of privilege, they have unequivocally waived their right to rely on them.

B. Sanctions

Plaintiff seeks sanctions pursuant to Fed. R. Civ. P 37. ECF No. 34-1 at 4; Hilao v. Estate of Marcos, 103 F.3d 762, 764-765 (9th Cir. 1996) (finding that a party who fails to respond at all to interrogatories or requests for production is subject to sanctions). There is no requirement that failure to respond be willful before sanctions may be imposed. Lew v. Kona Hosp., 754 F.2d 1420, 1426 (9th Cir. 1985) ("Even a negligent failure to allow reasonable discovery may be punished."). Here, the court finds sanctions are appropriate in the amount of $1,000.00, payable

4

to the court by defense counsel and not charged to defendants.

Plaintiff also seeks a fee award. A party who prevails on a motion to compel is entitled to its expenses, including reasonable attorney fees, unless the losing party was substantially justified in opposing the motion or other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5). A fee award is clearly appropriate here; defendants were not substantially justified in their discovery failures. To the contrary, defendants have failed to comply with court orders requiring production.

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rate claimed." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007). Recovery should not exceed the expenses and fees that were reasonably necessary to resist the offending action. Id. at 1185. Under the "lodestar" approach for assessing reasonable attorney's fees, the number of hours reasonably expended is multiplied by a reasonable hourly rate. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). A reasonable hourly rate is determined by identifying the relevant legal community (the forum where the district court sites) and the prevailing market rate in that community for similar services by lawyers of reasonably comparable skill. Id. at 979-81.

The court has already held that the reasonable hourly rate in this case is $200. ECF No. 41 at 5. Plaintiff seeks 4 hours for meet and confer efforts and preparation of the motion to compel. ECF No. 52-1 at 6. Plaintiff initially sought an additional 4 hours for anticipated work in preparing a reply brief, as well as for attending the hearing. Id. The court notes that this request is improperly block billed, and that plaintiff did not submit a reply brief. The court will award plaintiff fees for 4 hours of work at the rate of $200.00, but notes that in the future, plaintiff must include a billing statement in order to document his entitlement to fees. Additionally, plaintiff should calculate his request at the $200.00 per hour rate. The court awards plaintiff $800.00 in fees associated with the motion to compel.

Finally, plaintiff briefly requests terminating sanctions for defendants' failure to participate in discovery. ECF No. 52 at 8. This request is inadequately briefed. It is therefore denied without prejudice.

### IV.    Conclusion

For the reasons explained above, it is hereby ordered as follows:

    a. Plaintiff's motion to compel (ECF No. 52) is GRANTED and the court expressly rules that all of defendants' objections and claims of privilege and/or work product doctrine protection are waived;

    b. Defendants must produce all documents responsive to Plaintiff's Requests for Production of Documents, Set One, no later than close of business on June 18, 2025;

    c. Defense Counsel is ORDERED to pay sanctions to the court in the amount of $1,000.00 within 5 days of this order.  Sanctions must be paid by defense counsel and may not be charged to the client;

    d. Defendants are ORDERED to pay plaintiff $800.00 in attorney's fees within 5 days of the order; and

    e. Plaintiff shall file any motion for terminating sanctions based on defendants' failure to comply with this order compelling production no later than June 25, 2025.

IT IS SO ORDERED.

DATED: June 11, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE